In re Application of Valley Utility Co. for Rate Increase: Worthington Hills Civic Association et al., Appellants, v. Public Utilities Commission of Ohio et al., Appellees.

[Cite as Worthington Hills Civic Assn. v. Pub. Util. Comm. (1976), 45 Ohio St. 2d 11.]

(No. 75-591—Decided January 14, 1976.)

12

*Mr. Henry W. Eckhart,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. Charles S. Rawlings* and *Mr. John W. Bentine,* for appellee Public Utilities Commission.

*Messrs. Federico, Myers, Giovanetti & Enz* and *Mr. Richard J. Giovanetti,* for appellee Valley Utility Company.

*Per Curiam.* "Where, in a proceeding properly brought before it, the Public Utilities Commission fixes the rates or charges which may be collected by a public utility in furnishing its services or products to the users or consumers thereof, a presumption exists that such rates or charges are fair and reasonable, and a party who contends otherwise has the burden on appeal to the Supreme Court under Section 4903.13, Revised Code, of showing that they are unjust, unreasonable or unlawful." *Columbus* v. *Pub. Util. Comm.* (1959), 170 Ohio St. 105, paragraph two of the syllabus.

The commission's opinion and order of March 4, 1975, and its entry of May 5, 1975, denying a rehearing, discussed appellant's objections and gave reasons for not following appellant's assertions. Despite the commission's cogent refutation, however, appellant continues to assert its objections apparently unmindful of its burden to overcome a presumption that the rates are fair and reasonable.

In addition, appellant assigns error to various actions and rulings of the commission without showing concomitant harm or prejudice.

"This court will not reverse an order of the commis-

sion as unreasonable or unlawful because of an error of the commission, if such error did not prejudice the party seeking such reversal." *Cincinnati* v. *Pub. Util. Comm.* (1949), 151 Ohio St. 353, paragraph six of the syllabus. Stated another way, "[a]lthough unlawful or unreasonable, an order of the Public Utilities Commission will not be reversed where its effect, to the extent that it is unlawful or unreasonable, will not be such as to prejudice someone who appeals from that order." *Ohio Edison Co.* v. *Pub. Util. Comm.* (1962), 173 Ohio St. 478, paragraph ten of the syllabus.

Finally, appellant has failed to demonstrate that the commission's order is manifestly against the weight of the evidence and is so clearly unsupported by the record as to show the commission's misapprehension or mistake or willful disregard of duty (*Cleveland Elec. Illuminating Co.* v. *Pub. Util. Comm.* [1975], 42 Ohio St. 2d 403, paragraph eight of the syllabus).

Accordingly, the order of the commission is affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.