OHIO COMMITTEE OF THE CENTRAL STATION ELECTRICAL PROTECTION ASSOCIATION, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

170

(No. 76-1105—Decided June 15, 1977.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Sheldon A. Taft* and *Mr. Lance W. Schneier,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Charles S. Rawlings, Mr. John W. Bentine* and *Mr. Kevin F. Duffy,* for appellee Public Utilities Commission.

*Mr. Donald W. Morrision, Mr. Charles B. Ballou, Mr. Ronald L. Orloff, Messrs. Jones, Day, Reavis & Pogue, Mr. Victor E. DeMarco, Mr. Lanty L. Smith* and *Mr. John W. Edwards, II,* for intervening appellee Ohio Bell Telephone Company.

Locher, J. Appellant contends that the commission committed five errors in approving and implementing the rate increases for private-line telephone services. These alleged errors present the following questions to be decided by this court.

(1) Has the commission failed to impose upon Ohio Bell the burden of proving the unreasonableness of its existing rates and the reasonableness of the proposed rates?

(2) Are the approved private-line telephone rates unlawful if not based upon actual operating expenses but upon trended expenses?

(3) Have the orders approving the increased rates effectively authorized Ohio Bell to abandon offering pri-

vate-line telephone service without compliance with R. C. 4905.20 and 4905.21?

(4) Have the July 8th order and the August 11th entry of the commission resulted from meetings not in compliance with Ohio's "Sunshine Law," R. C. 121.22?

(5) Are the commission's orders of July 8th and July 11th unlawful for the failure to state findings of fact supported by the record and failure to state reasons supporting the conclusions in accordance with R. C. 4903.09?

Appellant bases its first assertion, that the commission ignored the burden of proof requirement on Ohio Bell and imposed that burden upon appellant, upon the absence of any discussion in the order of the burden of proof as to these specific rates. Appellant further relies upon the following sentence in the commission's July 8th order:

"It appears that CSEP has failed to establish a difference between the needs of alarm companies and those of other subscribers utilizing private line service."

Ohio Bell had the burden of presenting evidence to support the increase in private-line service rates. A review of the record shows sufficient evidence upon which the commission could conclude Ohio Bell had met its burden. The evidence presented to the commission upon these particular rates not only indicated that there was no basis for the previous distinction between the rates in question, but further demonstrated by two cost studies and a value of service consideration the reasonableness of the proposed private-line rates. No additional support for appellant's first assertion of error is derived from the sentence in the order cited by appellant. This statement, when read in context, is merely demonstrative of the commission's finding that Ohio Bell had established justification for a single rate for private-line service and that appellant had failed to rebut this evidence or establish any grounds for an exception. Therefore, in light of this court's previous holdings that the findings of the commission will not be disturbed unless they are manifestly against the weight of the evidence and are so clearly unsupported by the record as to show misapprehension or mistake or willful disregard

of duty (*Delphos* v. *Pub. Util. Comm.* [1940], 137 Ohio St. 422, 424), and the disutility of requiring the commission to specify its assignment of burden of proof, appellant's first assignment of error is rejected.

In its second proposition, appellant does not attack either the use of the RCN technique in determining the rate base or the annual gross revenue determination made by the commission; therefore, these issues are not before this court for determination. Instead, appellant urges that Ohio Bell is limited to the recovery of actual operating expenses, pursuant to *Ohio Edison Co.* v. *Pub. Util. Comm.* (1962), 173 Ohio St. 478. However, the cost studies were not evidence of allowable annual expenses, but only evidence to justify these specific rates. The trended expenses were used to provide the current cost of providing the service, as opposed to the historical cost, in justifying the rates for the private-line service. Despite the fact that trended expenses were used in the cost studies to determine specific rates, all the rates for all of the services rendered by Ohio Bell are constrained by law to produce in the aggregate only the gross annual revenue allowed by the commission.* The trended expenses were not used in determining Ohio Bell's revenue requirements and thus were not violative of the rule of law espoused in *Ohio Edison Co.* v. *Pub. Util. Comm.*, *supra*.

Contrary to appellant's third contention, the commission's approval of the rates for private-line service did not constitute an abandonment of a previously offered service. The quality and availability of service has not changed as a result of the commission's order. The commission merely authorized the adoption of a uniform rate for the three classes of private-line service based upon the disappearance of the cost differential which once existed, permitting the previous spread of rates. Furthermore, testimony was presented that installation of sub-voice grade cir-

---

*The findings of the commission read, in part: "(18) The rates ordered by the commission will generate revenue equal to the revenue authorized by the commission."

cuits would be more expensive than the current usage of voice grade circuits. Under the circumstances, *sub judice*, the allowance of higher rates to reflect the increased cost of service does not constitute an abandonment or withdrawal of service within the meaning of R. C. 4905.20 and 4905.21.

Next, appellant asserts that the rate increases are void, because the order is invalid under R. C. 121.22, alleging the order resulted from deliberations in meetings, advance notification of which was not reasonably available to the public. However, appellant has not claimed that it was in any manner prejudiced by this absence of notice. This court will not reverse an order of the commission upon an assignment of error without a showing of concomitant harm or prejudice. *Cincinnati* v. *Pub. Util. Comm.* (1949), 151 Ohio St. 353; *Ohio Edison Co.* v. *Pub. Util. Comm.*, *supra* (173 Ohio St. 478); *Worthington Hills Civic Assn.* v. *Pub. Util. Comm.* (1976), 45 Ohio St. 2d 11.

Appellant's final contention, that the orders of July 8th and July 11th are unlawful because the commission failed to set forth adequate reasons supporting its conclusion, was not raised in appellant's applications for rehearing. R. C. 4903.10 reads, in pertinent part:

"Such application shall be in writing and shall set forth specifically the ground or grounds on which the applicant considers said order to be unreasonable or unlawful. No party shall in any court urge or rely on any ground for reversal, vacation, or modification not so set forth in said application."

Thus, appellant may not now urge this court to consider this error.

Accordingly, the order of the commission is affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN and SWEENEY, JJ., concur.