INDUSTRIAL ENERGY CONSUMERS, APPELLANT, *v.* PUBLIC
UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *Industrial Energy Consumers v. Pub.
Util. Comm.* (1992), 63 Ohio St.3d 551.]

(No. 90–2411—Submitted October 22, 1991—Decided May 6, 1992.)

*Bell, Royer & Sanders Co., L.P.A., Langdon D. Bell, Barth E. Royer* and *Judith B. Sanders,* for appellant.

*Lee I. Fisher,* Attorney General, *James B. Gainer, William L. Wright* and *Kaye Pfister Willi,* for appellee, Public Utilities Commission.

*Michael R. Beiting, Leila L. Vespoli* and *Kathy J. Kolich; Porter, Wright, Morris & Arthur* and *Samuel H. Porter,* for intervening appellee, Ohio Edison Company.

*Cleary, Gottlieb, Steen & Hamilton* and *Sara D. Schotland, pro hac vice,* urging reversal for *amicus curiae,* Electricity Consumers Resource Council.

*Eugene P. Whetzel,* urging reversal for *amicus curiae,* Ohio Manufacturers' Association.

---

*Per Curiam.* As its first proposition of law, IEC contends that the commission erred by allocating pollution control costs on the basis of relative class energy usage, rather than on the basis of relative class demand. Specifically, IEC contends that the commission's determination was against the manifest weight of the evidence and represents an improper departure from commission precedent. The commission and Ohio Edison contend that IEC has not been prejudiced by the commission's determination and that, on this basis, IEC's first proposition of law should be overruled. We agree.

It is well settled that this court will not reverse an order of the commission on the basis of an error that did not prejudice the party seeking reversal. *Cincinnati v. Pub. Util. Comm.* (1949), 151 Ohio St. 353, 39 O.O. 188, 86 N.E.2d 10 (no prejudice existed when the alternate property valuation proposed by the appellant would not have affected the commission's determination of the utility's revenue requirement); *Ohio Edison Co. v. Pub. Util. Comm.* (1962), 173 Ohio St. 478, 20 O.O.2d 108, 184 N.E.2d 70 (the exclusion of an amount in rate base for organizing the company, although error, affected

rates to such a small degree that it did not constitute prejudice); *Akron v. Pub. Util. Comm.* (1978), 55 Ohio St.2d 155, 9 O.O.3d 122, 378 N.E.2d 480 (the appellant was not prejudiced by the commission's failure to make a proposed adjustment to expenses or revenues when the adjustment would not affect the final cost-of-capital rate); and *Holladay Corp. v. Pub. Util. Comm.* (1980), 61 Ohio St.2d 335, 15 O.O.3d 426, 402 N.E.2d 1175 (the application of a demand charge to bulk-metered apartment buildings, but not to individually metered units, did not prejudice a residential lessor of a bulk-metered apartment, when his total electric bill would not be higher).

The record shows, and IEC admits, that the allocation of pollution control costs, whether on an energy-usage or demand basis, will have no material effect on the rates set in this proceeding. Nevertheless, IEC contends that the commission's determination is prejudicial because it will serve as precedent in *future* rate proceedings, where use of an energy-based allocation could *potentially* prejudice large industrial customers. In *Ohio Commt. of Cent. Station Electrical Protection Assn. v. Pub. Util. Comm.* (1977), 50 Ohio St.2d 169, 174, 4 O.O.3d 369, 372, 364 N.E.2d 3, 6, we held that this court "will not reverse an order of the commission * * * without a showing of *concomitant* harm or prejudice." (Emphasis added.) See, also, *Worthington Hills Civic Assn. v. Pub. Util. Comm.* (1976), 45 Ohio St.2d 11, 12–13, 74 O.O.2d 40, 41, 340 N.E.2d 411, 412. IEC's allegations of prejudice are much too speculative to meet this requirement. Accordingly, its first proposition of law is overruled.

Under its second proposition of law, IEC argues that the commission erred by failing to consider IEC's proposed revisions to the company's partial service tariff rider.[1] The commission's staff did not recommend changes to the rider in the Staff Report of Investigation, prompting IEC to file an objection pursuant to R.C. 4909.19. Upon the motion of Ohio Edison, the commission's attorney examiner struck the objection and related prefiled testimony from consideration, relying on *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.* (1975), 42 Ohio St.2d 403, 419–420, 71 O.O.2d 393, 402–403, 330 N.E.2d 1, 12–13 ("*CEI*").

In *CEI*, the commission ordered changes to various regulations in the company's existing tariff, which had not been placed in issue by the company in its application. We held that when considering an application for a rate increase filed by a public utility, the Public Utilities Commission may not extend its inquiry into "matters not put in issue by the applicant and not

---

1. The partial service rider governs service to customers who have their own facilities to provide a portion of their energy needs.

related to the rates which are the subject of the application." *Id.* at 420, 71 O.O.2d at 403, 330 N.E.2d at 13.

The commission affirmed its examiner's ruling on the basis of *CEI,* finding that only the company's full service rates were placed at issue by the application, and that the company's partial service rates were not related to them. We do not agree.

The rates in the partial service rider are based upon the rates established in the full service tariff. For example, a customer served under the rider would pay one hundred percent of the demand charge in the full service tariff for backup power, an initial forty percent of the demand charge in the full service tariff as a capacity reservation charge, and fifty percent of the demand charge in the full service tariff as a power charge during weeks of scheduled maintenance to its own generating equipment. By seeking an increase in full service rates in its application, the company necessarily sought to increase partial service rates, and thus placed the latter at issue.

Because partial service rates were placed at issue, IEC was permitted to object to the rates, pursuant to R.C. 4909.19,[2] and the commission was required to consider the merits of the objection at hearing. Thus, it was error for the examiner to strike IEC's objection and related prefiled testimony. The commission's order which upholds the ruling of its examiner is reversed and this case is remanded to consider the matters raised by IEC's objection.

*Order affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

2. R.C. 4909.19 provides in part:
   "If objections are filed with the commission within thirty days after the filing of [the staff] report, the application shall be promptly set down for hearing of testimony before the commission or be forthwith referred to an attorney examiner designated by the commission to take all the testimony with respect to the application and objections which may be offered by any interested party. * * *"