[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 113.]

THE STATE EX REL. STILLER, APPELLANT, *v.* COLUMBIANA EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *State ex rel. Stiller v. Columbiana Exempted Village School Dist. Bd. of Edn.*, 1995-Ohio-266.]

*Mandamus to compel Columbiana Exempted Village School District Board of Education to reemploy relator as superintendent for a one-year term— Writ denied, when.*

(No. 95-320—Submitted October 10, 1995—Decided November 22, 1995.)

APPEAL from the Court of Appeals for Columbiana County, No. 94-C-13.

————————————

{¶ 1} Appellee, Columbiana Exempted Village School District Board of Education ("board"), employed appellant, Roger M. Stiller, as the superintendent of the district under a five-year contract for a term expiring on July 31, 1994. Pursuant to R.C. 3319.01, the board adopted procedures for evaluating its superintendent and determining whether to renew the superintendent's contract. Board Policy 1240.01, which has been in effect during all pertinent times, provides:

"***

"If the services of the Superintendent are found to be unsatisfactory to the Board, s/he shall be notified through the evaluation process as established.

"If his/her services continue to be unsatisfactory, the Superintendent shall be notified in writing by the Treasurer, as approved by the Board, of its intent, at least sixty (60) days prior to March 1st of the expiration date of his/her contract, that his/her contract will not be renewed."

{¶ 2} On January 26, 1994, the board adopted its January 1994 evaluation of Stiller and presented it to him. The board's evaluation specified that Stiller was unsatisfactory in four areas and needed improvement in twenty-one areas. At a

regular meeting held on February 7, 1994, the board held an executive session at which it performed a second evaluation of Stiller's performance as superintendent. The board found no improvement by Stiller in any of the areas specified as unsatisfactory or needing improvement on his previous evaluation. The board noted on the second evaluation that Stiller had denied many of the problems set forth in his initial evaluation, "exhibited a hostile attitude toward the evaluation process," and had been "noncommunicative" and "combative." The board further decided at its February 7 meeting to conduct a special meeting on February 15, 1994 to "vote on the Superintendent's contract." An agenda for the February 15, 1994 special meeting of the board listed the following items:

"5. Consider adoption of second Superintendent's evaluation. ***

"6. Executive Session to discuss the employment of personnel, specifically the expiring contract of Superintendent Roger M. Stiller. ***

"7. Consider resolution to not reemploy the Superintendent. ***"

{¶ 3} At the special meeting held on February 15, the board adopted its second evaluation of Stiller, met in executive session to discuss Stiller's contract, and passed a resolution not to renew Stiller's superintendent contract. Stiller was present at the special meeting, and he received written notice of the board's decision not to renew his contract on that date.

{¶ 4} On February 23, 1994, Stiller filed a complaint in the Court of Appeals for Columbiana County for a writ of mandamus compelling the board to reemploy him as superintendent for a one-year term commencing August 1, 1994. The court of appeals granted the board's motion for summary judgment and denied the writ.

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Rosenzweig, Schulz & Gillombardo Co., L.P.A., Issac Schulz* and *Bill J. Gagliano*, for appellant.

2

*Horning & Horning, Richard A. Horning* and *J. David Horning*, for appellee.

_____

**Per Curiam.**

**{¶ 6}** In order to be entitled to a writ of mandamus, Stiller had to establish that he possesses a clear legal right to reemployment, that the board is under a clear legal duty to reemploy him, and that he has no plain and adequate remedy in the ordinary course of law. *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1. In addition, Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 65-66, 609 N.E.2d 144, 145.

**{¶ 7}** Stiller contends in his first and second propositions of law that the court of appeals erred in denying him relief in mandamus when the board failed to give him timely notice of nonrenewal in accordance with the board's procedures adopted pursuant to R.C. 3319.01. Stiller claims that he has a clear legal right under R.C. 3319.01, as modified by Board Policy 1240.01, to reemployment for an additional year as superintendent and that the board had a clear legal duty to provide notice of nonrenewal at least sixty days prior to March 1, 1994, in accordance with Board Policy 1240.01.

**{¶ 8}** R.C. 3319.01 provides:

"*** [The] superintendent is, at the expiration of his current term of employment, deemed reemployed for a term of one year at the same salary plus any increments that may be authorized by the board of education, unless such board, on or before the first day of March of the year in which his contract of employment

expires, either reemploys the superintendent for a succeeding term as provided in this section or gives the superintendent written notice of its intention not to reemploy him. \*\*\*

"\*\*\*

"Each board of education shall adopt procedures for the evaluation of its superintendent and shall evaluate its superintendent in accordance with those procedures. An evaluation based upon such procedures shall be considered by the board in deciding whether to renew the superintendent's contract. The establishment of an evaluation procedure shall not create an expectancy of continued employment. Nothing in this section shall prevent a board of education from making the final determination regarding the renewal or failure to renew of a superintendent's contract." (Emphasis added.)

{¶ 9} Stiller received written notice of the board's intent not to renew his superintendent's contract on February 15, 1994, which is before March 1, the date specified in R.C. 3319.01. However, the nonrenewal notice was not given to Stiller at least sixty days prior to March 1, *i.e.,* December 31, 1993, as required by Board Policy 1240.01.

{¶ 10} The court of appeals determined that the board's failure to follow its own procedures enacted under R.C. 3319.01 did not require that statute's remedy of reemployment for one year. The court of appeals relied on our recent decisions involving R.C. 3319.02's analogous provisions regarding administrators in *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 631 N.E.2d 150, and *State ex rel. Martines v. Cleveland City School Dist. Bd. of Edn.* (1994), 70 Ohio St.3d 416, 639 N.E.2d 80.

{¶ 11} In *Cassels*, we unanimously held that a failure by a board of education to comply with R.C. 3319.02(D) evaluation procedures will not invalidate the board's action not to renew an administrative contract where the

4

administrator received timely notice of nonrenewal pursuant to R.C. 3319.02(C). In so holding, the court stated:

"It is apparent that the court of appeals misinterpreted *** R.C. 3319.02(D). Although R.C. 3319.02(D) mandates the evaluation procedure, it provides no remedy of reemployment for failure on the part of the board to comply with that procedure. Indeed, R.C. 3319.02(C) deems an administrator reemployed by operation of law only if a timely written notice of the board's intention not to reemploy is not given. By contrast, as appellee notes, R.C. 3319.11 specifically provides that a board's failure to comply with the teacher evaluation requirements of R.C. 3319.111 results in reemployment of the teacher. In other words, *if the General Assembly had intended that board compliance with the administrative evaluation provisions of R.C. 3319.02(D) be a prerequisite to a valid board decision not to renew an administrative contract, it would have so provided, as it did in R.C. 3319.11 for teachers' contracts.*

"Furthermore, *R.C. 3319.02(D)* expressly states that '[n]othing in this section shall prevent a board of education from making the final determination regarding the renewal of or failure to renew the contract of any *** administrator.' This *manifestly indicates that noncompliance with any or all of the R.C. 3319.02(D) evaluation procedures does not invalidate a board's action not to renew an administrative contract .***

"*** [A] failure to comply with the R.C. 3319.02(D) evaluation procedures will not invalidate a board's action not to renew an administrative contract. This result comports with the language of R.C. 3319.02(C) and (D). *** Since appellant *** readily admitted that she was sent a timely notice of nonrenewal pursuant to R.C. 3319.02(C), she was, as a matter of law, not entitled to a writ of mandamus to compel her reemployment as an assistant principal." (Emphasis added.) *Cassels, supra,* 69 Ohio St.3d at 222, 631 N.E.2d at 154.

**{¶ 12}** In *Martines*, we followed *Cassels* in holding that only a violation of the R.C. 3319.02(C) requirement of timely written notice of a board of education's intention not to renew an administrative contract requires relief in mandamus to compel reemployment. Again, we determined that violations of the R.C. 3319.02(D) evaluation procedure did not warrant the R.C. 3319.02(C) remedy of reemployment.

**{¶ 13}** This case involves R.C. 3319.01, pertaining to superintendents, rather than R.C. 3319.02 (administrators). Like R.C. 3319.02(C) and unlike R.C. 3319.11 (teachers), R.C. 3319.01 deems a superintendent reemployed only where the board either reemploys him or fails to give written notice, prior to March 1 of the year in which his contract expires, of its intention not to reemploy him. Additionally, R.C. 3319.01 and 3319.02 both mandate that boards of education adopt evaluation procedures, but further emphasize that nothing regarding those procedures prevents the board from "making the final determination regarding the renewal or failure to renew" a superintendent or administrator's contract.

**{¶ 14}** In that Stiller received timely written notice of nonrenewal under R.C. 3319.01 and Board Policy 1240.01 was adopted as part of the evaluation procedure required by R.C. 3319.01, any failure by the board to comply with Policy 1240.01 does not entitle Stiller to reemployment as a superintendent for an additional one-year term. *Cassels* and *Martines, supra*; see, also, *State ex rel. Floyd v. Rock Hill Local School Bd. of Edn.* (Feb. 10, 1988), Lawrence App. No. 1862, unreported ("Although R.C. 3319.02 states that principals who are not notified by the end of March are *deemed re-employed* for the following year, nothing in the Revised Code or in the board's policies states what remedy a principal has when the board violates its own policy which requires action on a principal's contract to be taken at 'the' March meeting. *** [T]he court below erred by applying the drastic remedy provided in R.C. 3319.02 to the situation at bar." Emphasis *sic*.).

**{¶ 15}** Although Stiller contends that *Cassels* and *Martines* are distinguishable, they are not. Further, neither liberal construction nor the cases cited by Stiller from other jurisdictions analyzing statutory provisions which are different from R.C. 3319.01 and 3319.02 require a contrary conclusion. See *Cassels, supra*, where the court applied the plain language of R.C. 3319.02 while noting that it is a remedial statute that must be liberally construed in favor of administrators; see, also, *Miller v. Indep. School Dist. No. 56 of Garfield Cty.* (Okla.1980), 609 P.2d 756, 760, one of the cases relied upon by Stiller, where the Supreme Court of Oklahoma emphasized that its holding that a teacher was entitled to reasons for nonrenewal of her contract did not mean that she was necessarily also entitled to reinstatement.

**{¶ 16}** The court of appeals properly held that under the precedent of this court, "the only instance where a contract will be automatically renewed under either R.C. 3319.01 or 3319.02 is where timely notice under that statute has not been given" and "other violations under any administrative by-law or policy which has been violated do[ ] not rise to that of the statutory responsibility." As a result, the court need not consider the court of appeals' *dictum* as to whether Board Policy 1240.01 even applied as to Stiller where there was no express determination by the board that his services were unsatisfactory. Stiller established neither a clear legal right to reemployment nor a clear legal duty on the part of the board to reemploy him as a result of the board's alleged failure to comply with Policy 1240.01. Stiller's first and second propositions of law are meritless and are overruled.

**{¶ 17}** Stiller asserts in his third proposition of law that the board's failure to give timely public notice of each action to be taken at its February 15, 1994 special meeting rendered invalid its decision to nonrenew his contract of employment as superintendent. R.C. 121.22, Ohio's Sunshine Law, provides:

"(F) *Every public body shall, by rule, establish a reasonable method whereby any person may determine* the time and place of all regularly scheduled

7

meetings and *the time, place, and purpose of all special meetings.* A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification, except in the event of an emergency requiring immediate official action. ***" (Emphasis added.)

**{¶ 18}** Board Policy 0164.4 provides:

"[T]he Treasurer shall, no later than twelve (12) hours before the time of a special meeting of a Board body, post a *statement of the time, place, and purposes* of such special meeting.

"*The statement* above and the notifications under news media *shall state such specific or general purpose or purposes then known to the Treasurer to be intended to be considered at such special meeting* and may state, as an additional general purpose, that any other business as may properly come before such Board body at such meeting may be considered and acted upon." (Emphasis added.)

**{¶ 19}** R.C. 121.22(H) provides that "[a] resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated [R.C. 121.22(F)]." Prior to the enactment of the foregoing provision, courts had held that violations of the R.C. 121.22(F) notice provisions did not invalidate the public board's action. See, *e.g., Barbeck v. Twinsburg Twp.* (1992), 73 Ohio App.3d 587, 594-595, 597 N.E.2d 1204, 1209; *Holeski v. Lawrence* (1993), 85 Ohio App.3d 824, 832, 621 N.E.2d 802, 807. Effective April 16, 1993, Am.S.B. No. 326 amended R.C. 121.22(H) "to invalidate actions taken at an open meeting of a public body if notice of the meeting was not given in the manner required by [R.C. 121.22(F)]." Title to Am.S.B. No. 326; 144 Ohio Laws, Part II, 1855.

**{¶ 20}** Stiller claims that the applicable notice was the February 7, 1994 action by the board at its regular meeting setting a special meeting for February 15 "to vote on the Superintendent's contract." Because this notice did not include anything about considering adoption of the board's February 7 evaluation of Stiller,

Stiller contends that the board failed to comply with R.C. 121.22(F) and Board Policy 0164.4, rendering the board's action nonrenewing him invalid under R.C. 121.22(H).

{¶ 21} The court of appeals determined that Stiller's Sunshine Law argument was without merit because the agenda for the February 15, 1994 special meeting, which included both the consideration concerning adoption of Stiller's second evaluation and an executive session to consider Stiller's expiring contract, constituted the applicable notice. The court of appeals' determination is supported by the affidavit of Teresa Emmerling, the board treasurer, who stated that the agenda constituted the notice for the February 15, 1994 special meeting and that the notice listed all of the purposes for the meeting. However, the court of appeals did not consider Stiller's affidavit attached to his brief in opposition to the board's motion for summary judgment, in which he stated that the agenda was not the notice for the special meeting and that the agenda was not delivered to the treasurer until the afternoon of February 15, which meant that it could not have been sent to the news media at least twenty-four hours in advance of the meeting as required by R.C. 121.22(F). Construing the summary judgment evidence most strongly in favor of Stiller, there remains a genuine issue of fact as to whether the agenda was the notice specified in R.C. 121.22(F) and Board Policy 0164.4.

{¶ 22} Nevertheless, summary judgment is only inappropriate where there is an extant genuine issue of *material* fact. Assuming, *arguendo*, that the agenda for the February 15 special meeting was not the required notice, the issue is whether the February 7 board action setting the February 15 special meeting "to vote on the Superintendent's contract" complied with the Sunshine Law and applicable board policy.

{¶ 23} R.C. 121.22(F) requires only that the notice state the "purpose" of the special meeting. Board Policy 0164.4, adopted pursuant to R.C. 121.22(F), requires that the "purposes" of the special meeting be included in the notice but

then clarifies that to refer only to those "specific or general purpose or purposes then known to the Treasurer to be considered at such special meeting." Board Policy 1240.01, which Stiller claims entitles him to the earlier notice of nonrenewal, specifically ties the board's evaluation process to its decision to nonrenew the superintendent's contract. Therefore, voting on the adoption of a superintendent's evaluation is ancillary to the general purpose of voting on his contract. This conclusion is further supported by the language of R.C. 3319.01, which provides that "[a]n evaluation based upon such procedures shall be considered by the board in deciding whether to renew the superintendent's contract." Consequently, considering adoption of its prior evaluation was not a "purpose" that was required to be separately set forth in the February 7 notice.

{¶ 24} Since the February 7 notice complied with R.C. 121.22(F), the board's action to nonrenew Stiller's superintendent's contract was not invalidated by R.C. 121.22(H). Stiller does not deny that he received proper notice of the action he is attacking, *i.e.,* the nonrenewal. Stiller also claims no impropriety by the board in holding an executive session during the special meeting to discuss the matter. The alleged violation does not involve the relief sought by Stiller. See *Electrical Protection Assn. v. Pub. Util. Comm.* (1977), 50 Ohio St.2d 169, 174, 4 O.O.3d 369, 372, 364 N.E.2d 3, 6 (court will not reverse commission order where there was no prejudice claimed from alleged violation of R.C. 121.22[F] notice provisions); see, also, *Holeski, supra*, 85 Ohio App.3d at 832-833, 621 N.E.2d at 808 (R.C. 121.22[I][3] presumption of prejudice applies only upon proof of a violation or threatened violation of R.C. 121.22). Here, as in *Holeski*, since there was no proof of any violation of R.C. 121.22 by the board, there can be no presumption of prejudice. Stiller's third proposition is overruled.

{¶ 25} In sum, the court of appeals did not err in granting summary judgment in favor of the board and denying the writ, since Stiller failed to establish

the first two requirements for extraordinary relief in mandamus.  Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

———————————