[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 543.]

THE STATE EX REL. SAVARESE, APPELLANT, V. BUCKEYE LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*,
1996-Ohio-291.]

*Mandamus to compel board of education to issue supplemental contract for
relator as high school girls basketball coach for 1994-1995 school year—
Writ denied, when.*

(No. 95-876—Submitted January 9, 1996—Decided February 14, 1996.)

APPEAL from the Court of Appeals for Jefferson County, No. 94-J-30.

_____

{¶ 1} Appellee, Buckeye Local School District Board of Education ("board"), employs appellant, Frank Savarese, as a teacher under a continuing contract. For several years, the board also employed Savarese pursuant to terms of a supplemental contract as the girls high school basketball coach. At its regular meeting of January 10, 1994, the board adopted a resolution to terminate all supplemental contracts, effective at the conclusion of the 1993-1994 school year.

{¶ 2} On March 28, 1994, the board conducted another regular meeting. The interim superintendent recommended that supplemental contracts be issued to over eighty individuals for the 1994-1995 school year, including one for Savarese as head coach of the girls high school basketball team. A motion was made and seconded to adopt a resolution employing the persons specified in the interim superintendent's recommendation. The motion carried as to all of the supplemental contracts except the one concerning Savarese as high school basketball coach. The board, by a three-to-one vote with one member abstaining, rejected the portion of the resolution which would have issued a supplemental contract to Savarese as high school basketball coach.

**{¶ 3}** On May 5, 1994, Savarese filed a complaint in the Court of Appeals for Jefferson County for a writ of mandamus compelling the board to issue a supplemental contract for him as high school girls basketball coach for the 1994-1995 school year. The court of appeals converted the board's motion to dismiss to a motion for summary judgment and granted it, thereby denying the writ.

**{¶ 4}** The cause is now before this court upon an appeal as of right.

---

*Lancione, Davis & Lloyd Law Office Co., L.P.A.,* and *D. William Davis*, for appellant.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.*, and *Richard W. Ross*, for appellee.

---

*Per Curiam.*

**{¶ 5}** In order to be entitled to a writ of mandamus, Savarese had to establish a clear legal right to a supplemental contract as high school girls basketball coach for the 1994-1995 school year, a corresponding clear legal duty on the part of the board to provide the foregoing supplemental contract, and a lack of an adequate remedy in the ordinary course of the law. *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1. Additionally, Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Stiller v. Columbiana Exempted Village School Dist. Bd. of Edn.* (1995), 74 Ohio St.3d 113, 114, 656 N.E.2d 679, 680.

**{¶ 6}** Savarese asserts in his propositions of law that the court of appeals erred in granting the board's motion for summary judgment and denying the writ.

Savarese concedes that there is no genuine issue of material fact. However, Savarese claims the board is not entitled to judgment as a matter of law. Savarese initially contends that the board failed to follow the procedures set forth in R.C. 3313.18, which provides:

"A majority of the members of a board of education shall constitute a quorum. *Upon a motion to adopt a resolution* authorizing the purchase or sale of real or personal property, or *to employ a superintendent or teacher, janitor or other employee*, or to elect or appoint an officer, or to pay any debt or claim, or to adopt any textbook, *the treasurer of the board shall publicly call the roll of the members composing the board and enter on the records the names of those voting 'aye' and the names of those voting 'no.' ***"* (Emphasis added.)

{¶ 7} In construing a statute, the court's paramount concern is legislative intent. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 65, 647 N.E.2d 486, 488. "In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." *State v. S.R.* (1992), 63 Ohio St.3d 590, 594-595, 589 N.E.2d 1319, 1323. If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary. *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995, 997.

{¶ 8} In *New Concord School Dist. Bd. of Edn. v. Best* (1894), 52 Ohio St. 138, 39 N.E. 694, syllabus, the court held that similar language in the statutory predecessor to R.C. 3313.18 "is a mandatory provision and must be strictly pursued." See, also, *Schafer v. Alliance School Dist. Bd. of Edn.* (C.P.1950), 58 Ohio Law Abs. 554, 558-559, 42 O.O. 319, 321, 94 N.E.2d 112, 115 (action taken in proceeding which does not comply with statutory voting procedure is a nullity). In *Best*, a board of education's unanimous vote to employ a teacher was deemed illegal and void because the record of the board meeting did not disclose whether

the school board publicly conducted a roll call vote and entered the votes on the record.

{¶ 9} The *Best* holding comports with the "general rule *** that statutes requiring aye and nay votes *** be taken on certain questions and entered upon the permanent record of the common council of a municipality are mandatory." 56 American Jurisprudence 2d (1971) 372, Municipal Corporations, Counties, and Other Political Subdivisions, Section 346. "The reason for such enactments is that the people generally, and particularly the constituency of the municipal legislators, are entitled to know how their representatives vote on important questions. In order that they may know, it is *** as important that the record of the vote be preserved as it is that it be taken in such a manner that it can be preserved." *Id.* Similarly, the preeminent purpose of the *Best* holding is "[t]o avoid uncertainty." *Best, supra*, 52 Ohio St. at 154, 39 N.E. at 697; see, also, *State ex rel. Cox v. Crestview Local School Dist. Bd. of Edn.* (Mar. 10, 1983), Columbiana App. Nos. 82-C-33 and 82-C-34, unreported; Buchter, Scriven & Sheeran, Ohio School Law 1994-1995 (1994) 125-126, Section 5.13(A) (Since *Best*, courts have "allowed some slight variation from the literal wording of R.C. 3313.18.").

{¶ 10} Savarese contends that R.C. 3313.18 does not permit conditional voting on a resolution to employ teachers. However, R.C. 3313.18 refers only to motions to adopt resolutions to "employ *a *** teacher.*" (Emphasis added.) It does not refer to a resolution to employ several individuals under supplemental contracts. The plain language of R.C. 3313.18 does not prevent roll-call voting on such a resolution, which is, for all practical purposes, separate resolutions on each supplemental contract. The board voted on each supplemental contract, and it is uncontroverted that it rejected a supplemental contract for Savarese as girls high school basketball coach for the 1994-1995 school year. The record indicates no "uncertainty" as to which board members voted and how they voted on his supplemental contract. Therefore, even when strictly construing R.C. 3313.18,

4

Savarese cannot establish that the board's action in rejecting his supplemental contract was void.

{¶ 11} Further, assuming, *arguendo*, that Savarese is correct in the foregoing proposition that the board's "conditional acceptance" of the resolution was void, it does not follow that he would be entitled to the supplemental contract. Supplemental contracts are for the performance of duties by teachers in addition to their regular teaching duties and are, by definition, limited contracts. R.C. 3319.08. Savarese does not dispute that the board properly terminated all supplemental contracts, effective at the conclusion of the 1993-1994 school year. Instead, he claims that when the board subsequently voted on the resolution to issue several supplemental contracts for the 1994-1995 school year, its conditional acceptance of the resolution constituted an acceptance of the resolution. Nevertheless, if Savarese is correct that the board's action constituted a nullity, its entire action on the resolution would be void, since a conditional acceptance is not an acceptance. See *Best* and *Schafer, supra*. Consequently, accepting Savarese's contention that the board did not comply with R.C. 3313.18 when adopting the resolution, as a matter of law, he would still not be entitled to be employed under a supplemental contract for the 1994-1995 school year as a girls high school basketball coach.

{¶ 12} Savarese next contends that he was entitled to the supplemental contract because the board failed to follow Robert's Rules of Order in its voting procedure. Nevertheless, there is no evidence that the board or any controlling statute adopts these parliamentary procedures. Further, "parliamentary rules, even when adopted as board policy, are intended merely to assist the board in the orderly conduct of its business, and cannot operate to invalidate otherwise lawful actions of a duly elected board." (Footnote omitted.) Baker & Carey, Baker's 1995-1996 Handbook of Ohio School Law (1995) 40, Section 3.11, citing *Hanni v. Youngstown Bd. of Edn.* (July 29, 1991), Mahoning C.P. No. 91-CV-1448, unreported. Finally, even if any alleged failure to follow parliamentary procedures

invalidates the board's action, there is nothing to suggest that anything less than the board's entire action on the resolution would be void. Based on the foregoing, summary judgment was properly entered in favor of the board by the court of appeals because Savarese could not establish either a clear legal right to the supplemental contract or a corresponding legal duty on the part of the board to provide the same.

{¶ 13} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————