[Cite as *Georgetown of the Highlands v. Cleveland Div. of Water*, 2016-Ohio-8039.]

STATE OF OHIO, CUYAHOGA COUNTY

IN THE COURT OF APPEALS

EIGHTH DISTRICT

| | | |
|---|---|---|
| GEORGETOWN OF THE HIGHLANDS | ) | CASE NO. 102685 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CITY OF CLEVELAND DIVISION OF WATER, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common
Pleas of Cuyahoga County, Ohio
Case No. CV 13 809840

JUDGMENT:                               Affirmed.

APPEARANCES:

For Plaintiff-Appellant:               Atty. David M. Lynch
333 Babbitt Road
Suite 333
Euclid, Ohio 44123

For Defendants-Appellees:           Atty. John Mills
Assistant Director of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio  44114

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Seventh District Court Of Appeals
Sitting By Assignment

Dated:  December 8, 2016

ROBB, J.

{¶1} Plaintiff-Appellant Georgetown of the Highlands Condominium Association appeals the decision of Cuyahoga County Common Pleas Court granting summary judgment to Defendants-Appellees City of Cleveland (improperly named City of Cleveland Division of Water). Two issues are presented in this case. The first is whether the trial court's interpretation of City of Cleveland Ordinance 535.30 (CCO 535.30) was correct. The second issue is whether there is a genuine issue of material fact as to how much Appellant owes for failing to pay the water bill. For the reasons expressed below, the decision of the trial court is affirmed.

Statement of the Case

{¶2} Appellant filed a complaint alleging Appellee breached a contract by overcharging Appellant for water over a seven-year period, and that Appellee did not individually bill each premise condominium owner as required by CCO 535.30(C). 6/28/13 Complaint; 4/3/14 Amended Complaint. Appellant also sought a Temporary Restraining Order to prevent Appellee from turning off the water supply.

{¶3} Appellee filed a combined answer and counterclaim. In the answer, Appellee denied the claims and asserted sovereign immunity, statute of limitations, and standing as defenses.[1] Appellee counterclaimed for outstanding water bills.

{¶4} In February 2014, Appellee moved for summary judgment asserting Appellee was immune under R.C. Chapter 2744. It asserted the cause of action brought, although labeled as a contract action, was not a contract claim, and the two year statute of limitations in R.C. 2744.04(A) was applicable. Appellee also asserted it was abiding by the mandates of CCO 535.30. Alternatively, Appellee contended Appellant's attempt to demand forced integration of its water system violated the Ohio Constitution's bar on extension of credit; it would cost Appellee $1.3 million to update Appellant's private system.[2]

{¶5} Appellant responded to Appellee's motion for summary judgment asserting Appellee was not immune because contract actions are not covered by the Ohio Political Subdivision Tort Liability Act. However, even if the action was deemed

---

[1] Other defenses were asserted that are not at issue in this case.

[2] Appellee asserted other bases for summary judgment that are not at issue in this case.

to be a tort action, R.C. 2744.01(G)(2)(c) and R.C. 2744.02(B)(2) indicate Appellee was not immune. Appellant further argued Appellee's interpretation of CCO 535.30 was incorrect. It also asserted the cost to install individual meters would not be an extension of credit. 4/3/14 Opposition Motion.

{¶6} Appellee replied to the motion in opposition. 4/11/14 Reply.

{¶7} The trial court granted Appellee's summary judgment motion. The court noted Appellant is comprised of 216 condominiums in Euclid, Ohio. These condominiums were originally a part of a complex constructed in the 1960s, which included an apartment building and units now designated as condominiums. In the 1980s, the condominium part was split from the apartment building and converted into individual units. The water distribution infrastructure, however, was not altered; the property was constructed with one service line. There is a single water meter and single shut-off value for the condominium development. The sole account for serving the property is held in the Association's name. Water is supplied by the City of Cleveland under a contract with the City of Euclid.

{¶8} The trial court did not rule on the "standing, statute of limitations or constitutionality" arguments raised in Appellee's summary judgment motion. Instead, the court focused on the plain language of CCO 535.30 and found it does not require Appellee to bill each condominium unit separately. 5/27/14 J.E.

{¶9} Appellant appealed that decision. 6/23/14 NOA. However, it was dismissed for lack of a final appealable order because Appellee's counterclaim had not been resolved. 7/21/14 J.E.

{¶10} Appellee then filed its second motion for summary judgment asserting it was entitled to the amount owed on the delinquent water account. 9/19/14 Motion for Summary Judgment. Attached to the motion was an affidavit from the Assistant Administrator at the Department of Public Utilities' Division of Water, Customer Account Management Group. She avowed the account information for Appellant was accurate, and there was a delinquent balance of $194,432.43. Laquania Graham Affidavit. An affidavit from the interim Chief Financial Officer at the Department of Public Utilities' Division of Fiscal Control also avowed Appellant's delinquent balance was $194,432.43. Keith Cromer Affidavit. Meter test records accompanied by an

affidavit from the Superintendent of Distribution, Division of Water, Department of Public Utilities were also attached to the motion for summary judgment.

{¶11} Appellant responded to the second motion for summary judgment asserting there was no balance sheet attached to Laquania Graham's or Keith Cromer's affidavits. It further asserted the water usage documents attached to the summary judgment motion showed bizarre discrepancies in water usage. It pointed to the varying usages for the month of October for 2007 through 2014. Appellant asserted material facts remained regarding consumption and meter accuracy. 11/11/14 Response to Appellee's Second Summary Judgment Motion.

{¶12} Appellee replied reasserting the bills were accurate, any variations in water usage were attributable to estimated versus actual readings, changes in occupancy, internal plumbing leaks, and seasonal use. 12/12/14 Reply; Laquania Graham Affidavit. Also, Graham avowed the water decline from July 2013 to October 2013 was mirrored by increase from October 2013 to March 2014. Laquania Graham Affidavit. Appellee also indicated any water leaks that were repaired occurred prior to reaching the meter and, accordingly, were not billed to the customer. David Kaszian Affidavit.

{¶13} The trial court granted Appellee's summary judgment motion; "Plaintiff failed to offer competent evidence to create a genuine issue of material fact concerning the outstanding and long term balance on its water account." 2/3/15 J.E. Judgment of $194,432.43 was entered for Appellee on its counterclaim. 2/3/15 J.E.

{¶14} Appellant timely appealed the May 27, 2014 and February 3, 2015 judgment entries granting summary judgment for Appellee.

<u>Standard of Review</u>

{¶15} The assignments of error raised in this appeal address the trial court's grant of summary judgment for Appellee. We review the trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against

whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C).

{¶16} Once a moving party satisfies its burden under Civ.R. 56(C), the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings; rather, it has a reciprocal burden of setting forth specific facts demonstrating that there is a genuine triable issue. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 663 N.E.2d 639 (1996).

First Assignment of Error

"The trial court committed error in granting Cleveland's first Motion for Summary Judgment because weighing the facts and law in favor of Georgetown as non-movant, the City of Cleveland was bound by its own ordinance prohibiting an up-charge water rate for an individually owned parcel."

{¶17} The ordinance at issue provides:

(a) All charges for water shall be made against the premises supplied or against the customer contracting for the service.

(b) Upon special request, made by a customer accompanied by a list of premises owned by him or her, bills for water rent of all such premises shall be sent or delivered to such customer.

(c) However, the amounts of water used by separate premises shall not be pooled or combined into one (1) charge, but separate charges shall be computed for separate premises.

CCO 535.30.

{¶18} The trial court found this ordinance does not require Appellee to individually bill each condominium unit:

Plaintiffs maintain that this provision requires the City to bill each condominium unit separately. It does not. The plain language of the ordinance requires charges against the customer contracting for service. The customer who contracted for service in the instant case is Georgetown of the Highlands Condominium Association. Its bill has not been combined with any other account for any other premises owned

by Georgetown of the Highlands Condominium Association as addressed in the ordinance taken as a whole.

The developers of the complex constructed the property with one service line. As a result, there is one service account. Plaintiffs [sic] requested relief, that the Division of Water reconfigure the development's private water distribution system to create separate service lines to each condominium unit or that the Division of Water exercise control over the private distribution system, is not consistent with law. * * *

* * *

As the property currently exists, there is a single water meter and a single shut-off valve for the condominium development. Hence, there is one account that is properly billed as a single account subject to the rates applicable for water usage on that account. Plaintiffs have presented no evidence that the rate applied was inconsistent with the water usage at the single meter.

5/27/14 J.E.

{¶19} The court then cited to other City of Cleveland Ordinances that clearly place the burden of installing services lines on the customer and establish the standards for municipal distribution lines. 5/27/14 J.E.

{¶20} Appellant argues the trial court incorrectly interpreted CCO 535.30. It maintains the word "however" in division (c) modifies division (a). Accordingly, since there are multiple premises in the condominium association, Appellee was required to show on the bill individualized water consumption for each premises, rather than a pooled amount for the entire condominium association.

{¶21} Given the arguments, we are being asked to decide if the trial court's interpretation of the ordinance was correct. It has been explained, when a statute is clear and unambiguous, it must be applied as written and no further interpretation is necessary. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996), citing *State ex rel. Herman v.*

*Klopfleisch*, 72 Ohio St.3d 581, 584, 651 N.E.2d 995 (1995). Thus, a reviewing court may only interpret a statute where the words of the statute are ambiguous. *State ex rel. Celebrezze v. Bd. of Cty. Commrs.*, 32 Ohio St.3d 24, 27, 512 N.E.2d 332 (1987), citing *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph one of the syllabus. An ambiguity exists if the language is capable of more than one reasonable interpretation. *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513, 668 N.E.2d 498 (1996).

{¶22} The plain language of the statute supports the trial court's interpretation. Given the undisputed facts, the condominium association is one premise. This property was constructed with one service line, one meter, one shut off value, and therefore, one account. Appellant is the owner of the account; it is the customer contracting for the service. There is no indication when the complex was divided into condominium units in the 1980s, Appellant notified Appellee that the customer was no longer a single premise, but rather a customer with multiple premises requiring individual service lines and individualized billing. Therefore, Appellant's contention that there are multiple premises because this apartment complex was partly converted into condominium units and thus, each unit became a premise, is unfounded; it does not correspond with the facts.

{¶23} There is only one service line and only one account. This is not a situation where the customer owns multiple premises with multiple service lines and is having the supplier of water send only one bill. This situation is akin to an apartment building where there may be multiple units, but there is only one service line, one water account, and the account is paid by the customer.

{¶24} Therefore, the trial court's interpretation of CCO 535.30 was correct. We acknowledge Appellee asserts other arguments in support of the trial court's grant of summary judgment. Those arguments are standing, statute of limitations and constitutionality; those arguments have been preserved for appeal by being raised in the summary judgment motion. The trial court declined to address those arguments and instead focused on the plain language of CCO 535.40. We likewise do the same; due to our resolution of the plain language of CCO 535.30, Appellee's other arguments in support of summary judgment will not be addressed.

**{¶25}** For the above stated reasons, this assignment of error has no merit. The trial court's grant of summary judgment for Appellee on Appellant's complaint is affirmed.

Second Assignment of Error

"The trial court erred in granting Cleveland's second Summary Judgment Motion on its Counterclaim because material issues of fact were needed to be determined at trial."

**{¶26}** Appellant contends there are genuine issues of material fact as to the amount owed and accuracy of the usage. Appellant contends the evidence attached to Appellee's second summary judgment motion showed varying amounts of usage, which called into question the accuracy of the meters. Appellee asserts there is no genuine issue of material fact and it satisfied its burden.

**{¶27}** Attached to the second motion for summary judgment are three affidavits. One is from Laquania Graham, the Assistant Administrator at the Department of Public Utilities Division of Water, Customer Account Management Group. 9/18/14 Graham Affidavit paragraph 1. Another is from Keith Cromer, the interim Chief Financial Officer at the Department of Public Utilities' Division of Fiscal Control. 9/19/14 Cromer Affidavit paragraph 1. The last one is from David Kaszian, the Superintendent of Distribution, Division of Water, Department of Public Utilities. 9/19/14 Kaszian Affidavit paragraph 1.

**{¶28}** Graham and Cromer both avowed Appellant's account currently had a delinquent balance of $194,432.43 based on estimated and actual readings. 9/18/14 Graham Affidavit paragraph 7; 9/19/14 Cromer Affidavit paragraph 7. They both attested the amount was accurate. 9/18/14 Graham Affidavit paragraph 6; 9/19/14 Cromer Affidavit paragraph 6. Both also averred they do not have "any reason to believe these bills contain discrepancies or errors that would reduce" Appellant's outstanding bill. 9/18/14 Graham Affidavit paragraph 9; 9/19/14 Cromer Affidavit paragraph 8. Both Graham and Cromer stated their review of the account indicated the bills represent water actually used at the property. 9/18/14 Graham Affidavit paragraph 11; 9/19/14 Cromer Affidavit paragraph 10. Attached to Graham's affidavit was the usage records.

**{¶29}** Kaszian's affidavit addressed meter tests performed on Appellant's meter. Attached to the affidavit were copies of the records of meter tests. 9/19/14 Kaszian Affidavit paragraph 5. In 2006 and 2009, the meter was tested and found to be functioning properly. 9/19/14 Kaszian Affidavit paragraph 7-8. In 2010, the mechanical meter was replaced due to age, and the replacement meter was tested and was functioning properly. 9/19/14 Kaszian Affidavit paragraph 9. In 2013, the mechanical meter was replaced with a digital meter that was factory tested. 9/19/14 Kaszian Affidavit paragraph 10.

**{¶30}** As stated above, Appellant responded and asserted the evidence showed fluctuating amounts of consumption, which raised genuine issues of material fact. Appellant responded with a reply and additional affidavits. Appellee explained some of the fluctuation could be due to estimated versus actual readings. It is widely known not all meter readings are actual, and when there are estimated readings there is a fluctuation in the recorded usage. In her second affidavit, Graham alluded to this fact. 12/12/14 Graham Affidavit paragraph 4-6. She also observed the decline in water usage from July 2013 to October 2013 was mirrored by a similar increase in usage from October 2013 to March 2014. 12/12/14 Graham Affidavit paragraph 7. She further avowed, "Large commercial or residential properties such as Plaintiff's can see large fluctuations in metered water usage due to changes in occupancy, internal plumbing leaks, season use (such as lawn care, swimming pools, construction/renovation, etc.) or operation of the bypass valve around the meter." 12/12/14 Graham Affidavit paragraph 9. She asserted, based on her experience, readings from Appellant's meter "do not demonstrate an uncommon fluctuation in usage." 12/12/14 Graham Affidavit paragraph 10.

**{¶31}** Kaszian also provided a second affidavit. He explained the 2010 replacement of the meter was due to a leak in the "brick vault." 12/12/14 Kaszian Affidavit paragraph 2. The water lost was not billed to Appellant because the leak occurred before reaching the meter. 12/12/14 Kaszian Affidavit paragraph 3. He also asserted that in 2014 the Division of Water notified Appellant of a leak in its valves. 12/12/14 Kaszian Affidavit paragraph 8. The valves and any resulting leaks

were the responsibility of the customer and did not affect the accuracy of the meter. 12/12/14 Kaszian Affidavit paragraph 8.

{¶32} Summary judgment was appropriately granted for Appellee. Other than Appellant's allegations, there is nothing to support its position that the meters are inaccurate or water consumption was not accurately reported. In other words, there is no evidence to dispute the averments of Appellee that Appellant owes $194,432.43 and the meter readings are accurate.

{¶33} This assignment of error is without merit. The trial court properly granted summary judgment to Appellee on its counterclaim.

## Conclusion

{¶34} Both assignments of error lack merit. The trial court's decision is affirmed.

Donofrio, P.J., concurs.

Waite, J., concurs.

Seventh District Court Of Appeals
Sitting By Assignment

APPROVED:

_____
CAROL ANN ROBB, JUDGE
SEVENTH DISTRICT COURT OF APPEALS
SITTING BY ASSIGNMENT