FOX, APPELLANT, v. CITY OF LAKEWOOD ET AL., APPELLEES.

[Cite as Fox v. Lakewood (1988), 39 Ohio St. 3d 19.]

(No. 87-1363—Submitted April 20, 1988—Decided October 5, 1988.)

*Phillips & Co., L.P.A.,* and *Gerald W. Phillips,* for appellant.

*Calfee, Halter & Griswold, Mark I. Wallach, Kenneth S. Cline, William E. Blackie,* director of law, and *Fred M. DeGrandis,* for appellees.

MOYER, C.J. The legal question presented by this appeal is whether the private dinner meeting between all members of Lakewood City Council, the mayor, a few Lakewood Hospital officers, and others at which they allegedly discussed a prospective charter amendment authorizing the lease of Lakewood Hospital to a private entity constitutes a violation of any duty to hold open meetings, and, if so, whether such violation invalidates the ordinances, charter amendment, and lease with the Lakewood Hospital Association.

I

Fox's claims are premised on the open-meeting requirements of Section 5, Article III of the Lakewood City Charter, R.C. 121.22, Ohio's sunshine law, and his constitutional rights to assemble and petition the government and exercise freedom of speech under Sections 3 and 11, Article I, Ohio Constitution and the First Amendment to the United States Constitution.

The city of Lakewood is a chartered municipality exercising home-

rule powers under Sections 3 and 7, Article XVIII, Ohio Constitution.

An examination of pertinent sections of the Lakewood Charter and ordinances reveals that both the charter and Codified Ordinances Section 109.01 set forth open-meeting requirements. Lakewood Charter, Section 2, Article I requires that: "All powers shall be exercised in the manner prescribed by this Charter, or if not prescribed herein, then in such manner as shall be provided by ordinance or resolution of the Council. The powers of the Municipality may also be exercised, except if a contrary intent or implication appears in this Charter or in the enactments of the Council, in such manner as may now or may hereafter be provided by the general laws of Ohio." The charter, Section 4, Article III, describes three categories of city council meetings. In pertinent part, Section 5, Article III mandates that: "* * * All meetings of the Council or committees thereof shall be public * * *."[1]

We have interpreted identical language to that found in Section 5, Article III of the Lakewood City Charter in *State, ex rel. Plain Dealer Publishing Co.,* v. *Barnes* (1988), 38 Ohio St. 3d 165, 527 N.E. 2d 807. There, we held that "meetings" of the city council or any of its committees means any assemblage of the city council or its committees where a majority of members constituting the body are in attendance and the gathering is arranged for the purpose of discussing public business. We apply that definition to city council "meetings" as the term is used in Section 4, Article III of the Lakewood City Charter. We also concluded in *State, ex rel. Plain Dealer Publishing Co., supra,* that the plain and ordinary meaning of such charter language restricts a municipal legislative authority from exercising whatever implied power it may have to engage in the practice of closed or executive sessions.

The Lakewood City Council has provided in Section 109.01 of the Codified Ordinances, in pertinent part, that: "Unless otherwise provided in the Codified Ordinances, all meetings of Council * * * and other similar public bodies of the City * * * shall be open to the public, unless an executive session is expressly authorized under the applicable provisions of State law.

"Nothing herein contained shall mandate that any public body permit public participation in such meetings unless specifically required by the provisions of the Amended Charter or the Codified Ordinances."

On its face, Codified Ordinances Section 109.01, which purports to permit council to hold executive sessions, is in conflict with Section 5, Article III of the Lakewood City Charter, which requires that all meetings of council and its committees shall be public.

If there were no conflict, the

---

[1] In its entirety, Section 5, Article III states:

"The Council shall be the judge of the election and qualification of its members. A majority of all the acting members elected shall be a quorum to do business but a less number may adjourn from day to day and compel the attendance of absent members in such manner and under such penalties as may be prescribed by ordinance. The affirmative vote of a majority of the acting members of Council shall be necessary to adopt any ordinance or resolution and on the passage thereof a vote shall be taken by yeas and nays and entered upon the journal. The Council shall determine its own rules and order of business and shall keep a journal of its proceedings. All meetings of the Council or committees thereof shall be public and any citizen shall have access to the minutes and records thereof at all times."

language of the ordinance would incorporate applicable provisions of state law, *i.e.*, R.C. 121.22, which authorizes certain executive sessions of council. However, because "[n]o ordinance can conflict with the provisions of a city charter and be effective," *Reed* v. *Youngstown* (1962), 173 Ohio St. 265, 19 O.O. 2d 119, 181 N.E. 2d 700, paragraph two of the syllabus, the language of the ordinance does not have the effect of incorporating applicable provisions of R.C. 121.22. This conclusion is also directed by the language of Section 109.01 itself which states: "Nothing herein contained shall mandate that any public body permit public participation in such meetings unless *specifically required by the provisions of the Amended Charter* or the Codified Ordinances." (Emphasis added.) Furthermore, any attempt to incorporate provisions of R.C. 121.22 authorizing certain executive sessions into Ordinance 56-85 would conflict with the charter and, therefore, would also be without effect. Thus, we conclude that R.C. 121.22 is inapplicable here.

This court has previously observed that "[i]t is clear that the public has no common-law right to attend meetings of governmental bodies." *Beacon Journal Publishing Co.* v. *Akron* (1965), 3 Ohio St. 2d 191, at 198, 32 O.O. 2d 183, at 187, 209 N.E. 2d 399, at 404. However, the citizens of Lakewood, as the citizens of many communities, have codified by charter the fundamental principle that the deliberations of public institutions in a democratic society must be open to the public if the confidence of people in those institutions is to be maintained.

We hold that the plain and ordinary meaning of Section 5, Article III, Lakewood City Charter, which states that "[a]ll meetings of the Council or committees thereof shall be public," establishes the right of the public to attend prearranged meetings of a majority of council and the mayor at a set time and place to discuss public business. *State, ex rel. Plain Dealer Publishing Co.,* v. *Barnes, supra.* We conclude from our review of the complaint and the record that the August 27, 1985 meeting of the Lakewood City Council violated the Lakewood City Charter. These conclusions make it unnecessary to reach the constitutional claims raised by Fox.

## II

We next determine whether Fox is entitled to an order invalidating Ordinance 56-85 and Lakewood City Charter, Article XX, and an order enjoining further performance of the lease with Lakewood Hospital Association.

Section 1(d), Article VII, Lakewood City Charter requires, in pertinent part: "The Director of Law shall apply, in the name of the City to a court of competent jurisdiction for an order of injunction to restrain * * * the execution or performance of any contract made in behalf of the City in contravention of law * * *."

Prior to instituting this action, Fox made a proper demand upon the Lakewood Director of Law under Section 1(g), Article VII, Lakewood City Charter to enjoin performance of the hospital lease. Upon the refusal of the director of law to act, Fox proceeded to file his complaint.

Having been placed on the ballot as a charter amendment, the proposal to permit a private entity to operate Lakewood Hospital was subject to full, free, and open public debate by the electorate of the city of Lakewood. In fact, Fox stated at oral argument that he was able to participate in the deliberations of city council when the issue was discussed at a public meeting of the council. Under the facts of this

case, we conclude that the adoption of the amendment by the electorate cured city council's failure to make public the deliberation process as required by the charter. This conclusion is consistent with an earlier holding in *Moraine v. Bd. of Cty. Commrs.* (1981), 67 Ohio St. 2d 139, 145, 21 O.O. 3d 88, 92, 423 N.E. 2d 184, 188, where we observed that " '* * * the intent of the Sunshine Law, that deliberations concerning public issues be made public, could not be further served by invalidating a decision insofar as such deliberations were laid before the public eye.' "

Accordingly, we hold that adoption of an amendment to a city charter by the electors of the city cures the city council's failure to open to the public its deliberations regarding the amendment, as required by the city's charter.

Our review of other applicable sections of the Lakewood City Charter and ordinances causes us to conclude that no other section requires that a violation of the charter's open-meeting requirement must result in the invalidation of subsequently adopted ordinances and charter amendments. Since R.C. 121.22 does not apply, the remedies for open-meeting violations thereunder are unavailable. We note that there is no demonstration of any constitutional or relevant statutory deficiency in the procedure or content of the ordinances and charter amendment which would entitle Fox to a declaration invalidating the ordinances and Charter Amendment XX. Compare constitutional deficiencies found in *State, ex rel. Roahrig,* v. *Brown* (1972), 30 Ohio St. 2d 82, 59 O.O. 2d 104, 282 N.E. 2d 584; *Billington* v. *Cotner* (1971), 25 Ohio St. 2d 140, 54 O.O. 2d 270, 267 N.E. 2d 410, with the effect of noncompliance with statutory procedures in *State, ex rel. Minus,* v. *Brown* (1972), 30 Ohio St. 2d 75, 59 O.O. 2d 100, 283 N.E. 2d 131.

Accordingly, we hold that Lakewood City Council's violation of the charter open-meeting requirement was cured by the public consideration and adoption of the proposed charter amendment. Fox is not entitled to either the declaratory or injunctive relief requested. We affirm the dismissal of Fox's complaint with prejudice under Civ. R. 12(B)(6) for failure to state a claim upon which relief can be granted. We are, however, satisfied that his allegations were well-founded and allow the taxpayer his costs from respondent pursuant to Section 1(i), Article VII of the Lakewood City Charter.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, J., concurs separately.

SWEENEY, J., concurring. I am in total agreement with the finding that the approval of the charter amendment by the voters of Lakewood effectively "cured" any violation of the city of Lakewood's open-meetings requirement. However, in addition to the points discussed in the majority opinion, I am of the opinion that the instant action should fail for the reason that an election should not be invalidated except in an election contest proceeding. See *State, ex rel. Daoust,* v. *Smith* (1977), 52 Ohio St. 2d 199, 6 O.O. 3d 457, 371 N.E. 2d 536. Since an election result reflects the express will of the electorate, be it an issue or a candidate, that express will should not be overturned absent a violation of the election laws, the remedy of which is found in R.C. 3515.08 *et seq.*