THE STATE EX REL. CARTER, APPELLANT, *v.* WILKINSON, DIR., APPELLEE.

[Cite as *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65.]

(No. 94–806—Submitted May 16, 1994—Decided August 17, 1994.)

*Kenneth L. Carter, pro se.*

*Lee I. Fisher,* Attorney General, and *William J. McGinnis,* Assistant Attorney General, for appellee.

---

*Per Curiam.* In order to be entitled to a writ of mandamus, Carter has to establish that he possesses a clear legal right to the relief prayed for, that respondent is under a clear legal duty to perform the requested act, and that Carter has no plain and adequate remedy at law. *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus.

Carter based his entitlement to the requested relief on R.C. 2967.18(A), which provides:

*"Whenever the director of rehabilitation and correction determines that the total population of state penal or reformatory institutions for males and females, the total population of the state penal or reformatory institutions for males, or the total population of the state penal or reformatory institutions for females exceeds the capacity of those institutions and that an overcrowding emergency exists, he shall notify the correctional institution inspection committee of the emergency and provide the committee with information in support of his determination.* The director shall not notify the committee that an overcrowding emergency exists unless he determines that no other reasonable method is available to resolve the overcrowding emergency." (Emphasis added.)

The remainder of R.C. 2967.18 provides the procedures to be followed after respondent's determination and notification, ultimately leading to possible sentence reduction or early release due to the overcrowding emergency.

"In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. * * * In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." *State v. S.R.* (1992), 63 Ohio St.3d 590, 594–595, 589 N.E.2d 1319, 1323. Words used in a statute must be taken in their usual, normal or customary meaning. R.C. 1.42. It is the duty of the court to give effect to the words used and not to insert words not used. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 220, 631 N.E.2d 150, 153.

Carter contends that R.C. 2967.18 places a mandatory duty on respondent to declare that an overcrowding emergency exists and notify the correctional institution inspection committee of the emergency whenever respondent has knowledge of overcrowding. However, Carter's interpretation of R.C. 2967.18 would insert the phrase "whenever the director of rehabilitation and correction *becomes aware*" for the phrase "[w]henever the director of rehabilitation and correction determines." If the General Assembly had intended the foregoing, it could have so provided. However, the General Assembly conditioned respondent's duty of declaration and notification of an overcrowding emergency on *whenever* he determines that this emergency exists. R.C. 2967.18(A).

Further, Carter's unsupported conclusions in his complaint are not considered admitted and are insufficient to withstand a motion to dismiss. See, *e.g., State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639 (inmate required to plead specific facts on claimed exception to general rule concerning parole revocation to avoid dismissal); cf., also, *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 668, 590 N.E.2d 744, 746. Carter's "STATEMENT OF FACTS" in his complaint stated only that the Ohio prison system was "currently overcrowded." R.C. 2967.18(A) requires more than mere overcrowding; it requires an overcrowding emergency *and* no other reasonable alternative method available

to resolve the overcrowding emergency before respondent notifies the committee. Carter's complaint failed to allege even unsupported conclusions in this regard.

Accordingly, the judgment of the court of appeals dismissing Carter's mandamus complaint pursuant to Civ.R. 12(B)(6) is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.