[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 164.]

THE STATE EX REL. FENLEY *v.* KYGER ET AL.

[Cite as *State ex rel. Fenley v. Kyger*, 1995-Ohio-52.]

*Mandamus to compel members of Oxford City Council to hold only open meetings and discontinue practice of conducting closed executive sessions—Writ granted, when.*

(No. 94-2429—Submitted March 7, 1995—Decided May 10, 1995.)

IN MANDAMUS.

_____

{¶ 1} Relator, Joseph J. Fenley, a Miami University journalism professor, in the company of his students, frequently attends meetings held by respondents, members of Oxford City Council, to allow his students to observe local government as issues of public interest are discussed. On October 4, 1994, respondents held a regularly scheduled council meeting. The printed agenda for the meeting included provisions for two executive sessions, one near the beginning of the meeting and one near its conclusion. Executive sessions were regularly scheduled for each council meeting. Council routinely adjourned its meetings to conduct executive sessions from which the public and media were excluded.

{¶ 2} At the October 4, 1994 council meeting, relator advised respondents that he believed that the council practice of conducting private, executive sessions violated the open meetings provision of the Oxford City Charter. Respondents instructed Stephan McHugh, the Oxford Law Director, to study the issue and report his recommendations to council. Later during the October 4 meeting, respondents voted to adjourn the meeting and hold an executive session, from which the public and media were barred.

{¶ 3} At council's regularly scheduled meeting on October 18,1994, McHugh advised council that the charter precluded executive sessions and that he

felt that executive sessions could only be held for those matters involving attorney-client privilege. McHugh further suggested that a charter review committee be established to consider a charter amendment concerning the executive session issue. Council defeated a proposal to discontinue executive sessions, but did not hold an executive session at the October 18 meeting.

{¶ 4} The proposed agenda for council's November 1, 1994 meeting contained a scheduled "Conference with Attorney" in the place normally reserved for "Executive Session." At the November 1 meeting, respondents, with one member absent, voted to substitute the phrase "Executive Session" for "Conference with Attorney" on the printed agenda. Respondents later adjourned to an executive session for the specified purpose of "conferring with our attorney about current litigation."

{¶ 5} Fenley filed this action seeking a writ of mandamus compelling respondents to comply with the Oxford City Charter by holding only open meetings, *i.e.,* discontinuing its practice of conducting executive sessions. After respondents answered, we granted an alternative writ, and the parties filed evidence and briefs.

———————————

*Joseph J. Fenley, pro se.*

*Altick & Corwin, Phillip B. Herron* and *Stephen M. McHugh*, for respondents.

———————————

**Per Curiam.**

{¶ 6} In order to be entitled to a writ of mandamus, Fenley must establish a clear legal right to open council meetings, a clear legal duty on the part of respondents to provide open council meetings, and the lack of an adequate remedy at law. *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1.

{¶ 7} Initially, relator notes that respondents have "temporarily discontinued holding executive sessions." However, although a case may be moot, a court may decide the issues raised where they are capable of repetition, yet evading review. *State ex rel. Beacon Journal Publishing Co. v. Donaldson* (1992), 63 Ohio St.3d 173, 175, 586 N.E.2d 101, 102. Since council meetings normally adjourn prior to the practice of exclusion of the press and public being subjected to judicial scrutiny, these cases are often technically moot. *State ex rel. Plain Dealer Publishing Co. v. Barnes* (1988), 38 Ohio St.3d 165, 166, 527 N.E.2d 807, 809. However, because of the important issues concerning public rights, they are capable of repetition, yet evading review. *Id.* Additionally, absent a writ, it is evident that respondents will continue conducting executive sessions, at least insofar as those sessions relate to attorney-client matters. Further, respondents agree that this case should not be dismissed as moot. Therefore, we proceed to review the case on the merits.

{¶ 8} As to Fenley's asserted clear legal right to open meetings and respondents' clear legal duty to provide them, the Home Rule Amendment to the Ohio Constitution governs the respective roles of the state and its municipalities. Section 3, Article XVIII, Ohio Constitution. "In matters of local self-government, if a portion of a municipal charter expressly conflicts with parallel state law, the charter provisions will prevail." *State ex rel. Lightfield v. Indian Hill* (1994), 69 Ohio St.3d 441, 442, 633 N.E.2d 524, 526; Sections 3 and 7, Article XVIII, Ohio Constitution.

{¶ 9} Section 2.06 of the Oxford City Charter provides that regular meetings of council "shall be held as prescribed in the Council rules, but not less frequently than twice each month" and that "[a]ll meetings of Council shall be open to the public." The charter contains no exception to the open-meetings requirement and provides further in Section 1.03 that "[a]ll powers of the corporation shall be exercised in the manner prescribed by this charter[.]"

**{¶ 10}** Although the Oxford City Charter does not define "meetings," we have defined similar language in city charters as meaning "*any* assemblage of the city council or its committees where a majority of members constituting the body are in attendance and the gathering is arranged for the purpose of discussing public business." (Emphasis *sic*.) *Barnes, supra*, at paragraph three of the syllabus. Since private, executive sessions are not authorized by the charter, they do not constitute exceptions from the charter provision requiring open meetings. *State ex rel. Craft v. Schisler* (1988), 40 Ohio St.3d 149, 150, 532 N.E.2d 719, 721.

**{¶ 11}** Although R.C. 121.22, Ohio's sunshine law, provides several exceptions to the general requirement of open meetings by allowing executive sessions in certain circumstances, R.C.121.22 is not applicable where the charter supersedes it. See *Fox v. Lakewood* (1988), 39 Ohio St.3d 19, 22, 528 N.E.2d 1254, 1257; 1 Gotherman & Babbit, Ohio Municipal Law (2 Ed. Supp.1994) 9-10, Section 6.08(A). Similarly, although Section 111.05 of the Oxford Administrative Code provides for "authorized executive sessions" and states that council shall comply with R.C. 121.22, the ordinance conflicts with the charter and is ineffective. *Fox, supra*.

**{¶ 12}** Respondents concede that closed executive sessions are generally prohibited by the Oxford City Charter open-meetings provision. Nevertheless, they urge this court to recognize the common-law and statutory attorney-client privileges as exceptions to the charter provision. R.C. 121.22(G)(3) and (5) recognize exceptions to the sunshine law for certain attorney-client privilege matters. However, R.C. 121.22 is inapplicable here, since the charter requirement that council meetings "shall be open to the public" prohibits any meeting, regardless of its purpose, from being private. *Craft, Fox, and Barnes, supra*.[1] City

---

1. Assuming, arguendo, that R.C. 121.22 applied here, council's apparent long-standing practice of scheduling executive sessions as a regular part of each meeting would not per se validate the executive sessions. Council would still be required to satisfy the requirements of R.C. 121.22(G) in order to hold private executive sessions. In other words, an executive session could only be held

council is free to propose a charter amendment providing for closed executive sessions concerning attorney-client privilege and other matters. See *Craft* and *Barnes, supra.*

{¶ 13} Accordingly, Fenley is granted a writ of mandamus ordering respondents to open all of the council meetings, as required by the Oxford City Charter. This conclusion renders it unnecessary to reach the state constitutional claim raised by Fenley. *Barnes, supra*, 38 Ohio St.3d at 167, 527 N.E.2d at 810; *Fox, supra*, 39 Ohio St.3d at 22; 528 N.E.2d at 1257.

*Writ granted.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

------------------------

following a roll call vote by a majority of a quorum of council to hold such session and a specification by council on the record as to which one or more of the excepted subjects set forth in R.C. 121.22(G) are to be considered. See, *e.g.*, *Vermilion Teachers' Assn. v. Vermilion Local School Dist. Bd. of Edn.* (Nov. 4, 1994), Erie App. No. E-93-49, unreported, Ohio App.3d , N.E.2d.