[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 676.]

THE STATE EX REL. INSKEEP ET AL. *v*. STATEN, MAYOR, ET AL.

[Cite as *State ex rel. Inskeep v. Staten*, 1996-Ohio-236.]

*Mandamus to compel members of Mason City Council to comply with city charter by conducting open meetings—Writ granted, when.*

(No. 95-1811—Submitted January 23, 1996—Decided March 1, 1996.)

IN MANDAMUS.

———————————

{¶ 1} Realtors, residents of the city of Mason, frequently attend meetings of the Mason City Council.  Despite the repeated objections of relators, council has routinely adjourned its meetings in  order to conduct executive sessions from which the public and media are excluded.

{¶ 2} Relators filed this action seeking a writ of mandamus compelling respondents, members of the Mason City Council, to comply with the Mason City Charter by conducting open meetings.  We issued an alternative writ, and the parties have filed evidence and briefs.

———————————

*Richard J. Inskeep, Thomas E. Anderson* and *Charles W. Beatty, pro se*.

*Kenneth J. Schneider*, Mason Law Director; *Wood & Lamping* and *Amy E. Gasser*, for respondents.

*William M. Saks*, urging issuance of the writ for *amicus curiae,* American Civil Liberties Union of Ohio.

———————————

*Per Curiam.*

{¶ 3} In order to be entitled to the requested writ of mandamus, relators must establish a clear legal right to open council meetings, a clear legal duty on the part of respondents to provide open council meetings, and the lack of an adequate

remedy at law. *State ex rel. Fenley v. Kyger* (1995), 72 Ohio St.3d 164, 165, 648 N.E.2d 493, 494.

{¶ 4} The pertinent sections of the Mason City Charter provide:

"SECTION 3.08  COUNCIL MEETINGS

"No less than one regular meeting of the Council shall be held each month. Four members of the Council shall constitute a quorum for the transaction of business at any meeting of the Council ***. *** *All meetings of the Council shall be open to the public* and each journal and other records of the Council shall be open to the public at all reasonable times. Regular meetings shall be held at such times and places as shall be determined by Council." (Emphasis added.)

"SECTION 3.09  SPECIAL COUNCIL MEETINGS

"Special Meetings of the Council may be called as provided by ordinance. In the absence of any such provision, special meetings may be called by a vote of Council taken at any regular or special meeting thereof or may be called by the Mayor, or any three members of the Council. The Clerk of Council *** shall cause notice in writing of each special meeting to be served personally or to be left at the usual place of residence of each member of the Council not less than twelve hours preceding the time for such special meeting. ***"

{¶ 5} The term "meetings" in Section 3.08 refers to "*any* assemblage of the city council or its committees where a majority of members constituting the body are in attendance and the gathering is arranged for the purpose of discussing public business." (Emphasis *sic*.) See *State ex rel. Plain Dealer Publishing Co. v. Barnes* (1988), 38 Ohio St.3d 165, 527 N.E.2d 807, paragraph three of the syllabus. We have construed charter provisions similar to Section 3.08 of the Mason City Charter's requirement that all council meetings be open to the public to preclude private, executive sessions held pursuant to either a municipal ordinance or R.C. 121.22, Ohio's sunshine law. *Fenley, supra*; *State ex rel. Craft v. Schisler* (1988),

40 Ohio St.3d 149, 532 N.E.2d 719; *Fox v. Lakewood* (1988), 39 Ohio St.3d 19, 22, 528 N.E.2d 1254, 1257.

{¶ 6} Respondents contend that the foregoing cases are distinguishable, since Section 3.09 of the Mason City Charter and Section 121.01(b) of the Mason Code of Ordinances permit "special meetings" to be conducted in private. Respondents' interpretation contravenes the plain language of the charter. Section 3.08 unambiguously provides that *all* council meetings shall be open to the public. Like the quorum requirement set forth in the same section, the open-meetings provision is not limited to "regular" council meetings.

{¶ 7} In addition, Section 3.09 only permits the enactment of ordinances to "call" special meetings. Section 3.09 does not authorize the enactment of ordinances regarding whether council may hold executive sessions on certain matters.

{¶ 8} Further, the ordinance relied on by respondents purports to vest authority in respondents to hold executive sessions at regular or special meetings. Contrary to respondents' claims that they have conducted only executive sessions at special meetings, ninety-five of the one hundred and eight meetings in which council adjourned to hold executive sessions from 1989 through mid-1994 were regular meetings. (Rels' Aff. of Evidence, Ex. 14)

{¶ 9} In sum, we find no irreconcilable conflict on the issue of open council meetings between Sections 3.08 and 3.09 of the Mason City Charter. See, *e.g., State ex rel. Dublin Securities, Inc. v. Ohio Div. of Securities* (1994), 68 Ohio St.3d 426, 429-430, 627 N.E.2d 993, 996. The charter manifestly requires open meetings and prohibits executive sessions. To the extent that Section 121.01(b) of the Mason Code of Ordinances conflicts with the foregoing charter provisions, it is ineffective. *Fenley, supra*, 72 Ohio St.3d at 166, 648 N.E.2d at 494; *Fox, supra*, 39 Ohio St.3d at 22, 528 N.E.2d at 1257. Respondents' remedy is to propose a charter amendment providing for executive sessions. *Fenley, supra*, 72 Ohio St.3d at 166, 648 N.E.2d

at 495. Respondents attempted to do just that in 1989, but the electorate rejected the proposed amendment.

{¶ 10} Accordingly, relators are granted a writ of mandamus ordering respondents to open all council meetings to the public, as required by Section 3.08 of the Mason City Charter. Relators' request for attorney fees and litigation expenses pursuant to R.C. 733.59 and 733.61 is denied. Cf., *e.g.*, *State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 251, 643 N.E.2d 126, 131 ( *pro se* litigants not entitled to attorney fees under R.C. 149.43); *In re Election of November 6, 1990 for the Atty. Gen. of Ohio* (1991), 62 Ohio St.3d 1, 4, 577 N.E.2d 343, 346 ("costs" not synonymous with litigation expenses unless specified by statute).

*Writ granted.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____