JOURNAL ENTRY AND OPINION
Relator, Michael Barrett, has filed a complaint for a writ of mandamus through which he seeks release from prison. The respondents, the Cuyahoga County Clerk of Courts and the Adult Parole Authority, have filed separate motions to dismiss.
In order for this court to issue a writ of mandamus, the relator must establish each prong of the following three-part test: 1) the relator possesses a clear legal right to the relief requested; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator does not possess a plain and adequate remedy at law. State ex rel. Carter v.Wilkinson (1994), 70 Ohio St.3d 65.
In the case sub judice, the relator has failed to establish the first two prongs of the aforesaid three-part test. Initially, the relator has failed to establish the existence of any right that mandates his immediate release from prison. In addition, the relator has failed to establish that any of the respondents possess any legal duty that requires the immediate release of the relator from prison. State ex rel. Westchester Estates, Inc. v.Bacon (1980), 61 Ohio St.2d 42.
The relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal as filed by the relator within the previous five years in any state or federal court. The failure of the relator to comply with R.C. 2969.25 warrants a dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 594.
Accordingly, the respondents' motions to dismiss are granted.
Costs to relator.
Writ dismissed.
ANN DYKE, J., CONCURS
 ____________________ JAMES M. PORTER ADMINISTRATIVE JUDGE