This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Bonnie Kindig appeals from the declaratory judgment and injunction issued by the Wayne County Court of Common Pleas in regard to Ms. Kindig's powers as Mayor of Rittman, Ohio. This court reverses.
 I.
Ms. Kindig was president of the Rittman City Council when the mayor died. Pursuant to the Rittman Charter, Section 4.05, when the mayor is no longer able to perform that job, the president of city council becomes mayor for the duration of the term. Once the president of council becomes mayor, she is no longer a member of council, and her council seat becomes vacant. Rittman Charter Section 4.05.
Once Ms. Kindig became mayor, she assumed the mayoral duties, which include presiding at city council meetings. Rittman Charter Section 4.03. The mayor, although presiding over council meetings, has no authority to vote except to break a tie. Id. The mayor is considered a member of council only when so voting. Id.
On occasion, when city council met at a regular session, it voted to adjourn for an executive session. Ms. Kindig attended the executive sessions and sought to preside over these sessions, over the protest of the council members. Council members, appellees herein, brought an action in declaratory judgment and injunctive relief in the court of common pleas. Council members asked the court to declare that Ms. Kindig had no legal right to preside over or even attend an executive session of council, absent a specific invitation by council to attend an executive session.
The court agreed with the position of council. Based on its reading of the Rittman Charter and R.C. 121.22 (Ohio's open meetings law), the court determined that the mayor had the authority to preside over only public meetings of council, not the executive sessions, which are closed to the public. Because the mayor is a member of council only when casting a tie-breaking vote and no votes are held in executive sessions, the court reasoned that the mayor was not entitled to attend council's executive sessions, unless invited by council to attend. The trial court issued a declaratory judgment to this effect, and enjoined the mayor from attending the council's executive sessions, unless specifically invited by council.
Ms. Kindig filed the instant appeal, and she assigns one error.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT DETERMINED THAT AN EXECUTIVE SESSION IS NOT A MEETING OVER WHICH THE MAYOR OF THE CITY IS TO PRESIDE.
Because the trial court's determination is a matter of law, our review of the court's decision is de novo. See Butler v. Joshi (May 9, 2001), Wayne App. No. 00CA0058, unreported, at 9.
Rittman Charter Section 3.06, states that "[a]ll meetings of the Council shall be open to the public and shall be governed by the open meeting laws of the Ohio Revised Code." The open meetings law defines a "meeting" as "any prearranged discussion of the public business of the public body by a majority of its members." R.C. 121.22(B)(2). The statute further provides that "[a]ll meetings of any public body are declared to be public meetings open to the public at all times." R.C.121.22(C). However, the statute explicitly excepts from the law any executive session of the public body.[1] R.C. 121.22(G). Executive sessions can be held only for the discussion of a limited number of statutorily defined topics. Id. Executive sessions may only be held during a regular meeting, upon a roll call vote of a majority of a quorum of the public body and the general topic for discussion must be announced. Id. All votes on the topic, however, must be taken at the public meeting. R.C. 121.22(H).
Ms. Kindig points out that, although it is not open to the public, the executive session is part of the public meeting. Furthermore, Ms. Kindig states that executive sessions meet the definition of "meeting" contained in R.C. 121.22(B)(2), namely a prearranged discussion of the public business of the public body by a majority of its members. Thus, she concludes that Charter provision that the mayor shall "preside at all meetings of Council," Rittman Charter Section 4.03, likewise applies to executive sessions.
The trial court's decision began with an analysis of R.C. 121.22 with reference to the purpose of an executive session. However, the proper discussion of this matter begins with the Rittman Charter itself. Pursuant to the Home Rule provision of Ohio's constitution, "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce such * * * regulations, as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution. "In matters of local self-government, if a portion of a municipal charter expressly conflicts with parallel state law, the charter provisions will prevail." State ex rel. Lightfield v. IndianHill (1994), 69 Ohio St.3d 441, 442. Thus, as a preliminary matter, we view the Rittman Charter as it pertains to council's meetings and executive sessions.
It is clear that "[a] municipal charter vesting broad powers in the legislative body of a municipality may also contain specific prohibitions and restrictions upon the exercise of those powers." State ex rel. PlainDealer Publishing Co. v. Barnes (1988), 38 Ohio St.3d 165, paragraph two of syllabus. Section 3.06 of the Rittman Charter provides that "[a]ll meetings of the Council shall be open to the public and shall be governed by the open meeting laws of the Ohio Revised Code." The trial court here erred in relying upon the provisions of R.C. 121.22(G) allowing for private executive sessions.
Section 3.06 of the Rittman Charter is very similar to charter provisions that the Ohio Supreme Court determined precluded executive sessions. In Barnes, supra, the Supreme Court held that the Cleveland City Charter's directive that "[a]ll meetings of the Council or committees thereof shall be public" established a mandatory duty, because the directive for public meetings contained no exception. Barnes,38 Ohio St.3d at 167. The Oxford City Charter discussed in State ex rel.Fenley v. Kyger (1995), 72 Ohio St.3d 164, also provided that "[a]ll meetings of Council shall be open to the public." Id. at 165-166. Because the charter contained no exception to this blanket rule, the Supreme Court reiterated the principle that where "private, executive sessions are not authorized by the charter, they do not constitute exceptions from the charter provision requiring open meetings." Id., at 166, citing State ex rel. Craft v. Schisler (1988), 40 Ohio St.3d 149,150. In Fenley, the Court explicitly provided that although R.C. 121.22
permits executive sessions, the statute does not apply where the charter supersedes it. Id., citing Fox v. Lakewood (1988), 39 Ohio St.3d 19,22.
The charter provisions in the cited cases contained blanket statements that all council meetings shall be public. In contrast, the Rittman Charter invokes Ohio's open meetings law. The Charter states that "[a]ll meetings of Council shall be open to the public and shall be governed by the open meeting laws of the Ohio Revised Code." (Emphasis added.) Rittman Charter Section 3.06. The use of the word "and" says that both conditions must apply. Although R.C. 121.22(G) permits an exception for private executive sessions, the Charter does not because "all meetings of Council shall be open to the public."
Where there is an exception to the open meeting provision in a charter, it must be explicit. See, e.g., State ex rel. The FairfieldLeader v. Ricketts (1990), 56 Ohio St.3d 97, 99 and 101 (observing that executive sessions are permitted where a charter provision explicitly excepts from the open meetings requirement "those [meetings] covered by Section 121.22 of the general laws of the State of Ohio"); cf. Barnes,38 Ohio St.3d at 168, n. 2 (discussing Hills Dales, Inc. v. Wooster
[1982], 4 Ohio App.3d 240, 243-244 [executive sessions permitted where charter did not require open meetings], and rejecting Piqua v. PiquaDaily Call [1979], 64 Ohio App.2d 222, 226-7, and Dayton Newspapers v.Dayton [1971], 28 Ohio App.2d 95, because these cases held that executive sessions were proper, even though the charters required open meetings and did not explicitly except executive sessions).
This court cannot conclude that the reference to the open meetings law is sufficient to provide for executive sessions, where the Charter itself explicitly states that all council meetings shall be public. Without an explicit exception for private executive sessions, the Charter's provision that the open meeting law shall govern is not enough to invoke the exception to open meetings found in R.C. 121.22(G).
The trial court determined that Ms. Kindig could not attend private executive sessions of council. However, the Rittman Charter does not provide for executive sessions of council, but states that all council meetings must be open to the public. Since executive sessions of the Rittman City Council are in derogation of the Rittman Charter, we hold that the declaratory judgment of the trial court excluding Ms. Kindig from any meetings of council is unsupported by law. Likewise the injunctive relief preventing Ms. Kindig from attending or presiding at any council meetings in her capacity as mayor is likewise unsupported by law.
Ms. Kindig's assignment of error is well-taken, and it is sustained.
 III.
Having sustained the assignment of error, we vacate the judgment of the trial court. Pursuant to App.R. 12(A)(2) and (B), we enter judgment as follows. Ms. Kindig has the right to attend all Rittman City Council meetings, and in her capacity as mayor Ms. Kindig has the right to preside over council meetings, as prescribed by Rittman City Charter.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., SLABY, J. CONCUR.
[1] The statute grants the governing body permission to hold executive sessions. R.C. 121.22(G). The open meetings law is to be "liberally construed to require public officials to * * * conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted at law." R.C. 121.22(A).