JOURNAL ENTRY and OPINION
Appellant Jerry Ragland appeals from the trial court's dismissal of his petition for a writ of mandamus. Ragland assigns the following as error for our review:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED RELATORS MANDAMUS ACTION AND GRANTED RESPONDENTS (SIC) MOTION TO DISMISS AFTER RELATOR SHOWED HOW HE WAS CLEARLY ENTITLED TO RELIEF.
Having reviewed the record and pertinent law, we affirm the trial court's decision. Because the record does not contain the indictment or a complete transcript of the plea or sentencing proceedings, we are left to glean the facts from the balance of the record and presume regularity where the record does not permit specific review. The apposite facts follow.
A Cuyahoga County grand jury indicted Ragland on multiple counts. The trial court accepted Ragland's plea to one count of drug trafficking with furthermore and violence specifications, failure to comply with order of a police officer with furthermore and violence specifications, felonious assault, assault on a peace officer with a peace officer and violence specifications, and having a weapon while under a disability with violence specifications. The trial court sentenced Ragland to a term of imprisonment including five-to-fifteen years on the drug trafficking charge with 3 years actual.
On January 29, 2001, Ragland filed with the trial court a petition for a writ of mandamus naming Margaret Ghee, Chairperson of the Ohio Adult Parole Authority (OAPA) as the respondent. The petition sought a writ of mandamus compelling the OAPA to remove the three-year sentence for a firearm specification which Ragland argues he did not plea to. Upon Ghee's motion, the trial court dismissed Ragland's petition, stating, [Ragland] does not have a clear legal right to relief requested. Mandamus relief is improper. Case dismissed. This appeal followed.
Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.[1] The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law.[2]
For the following reasons, mandamus is not the proper method of resolving this matter. First, Ragland does not have a clear legal right to the requested relief. Ragland asks us to remove the three-year sentence for the firearm specification.
Although we do not have the indictment before us, we presume from Ragland's appellant brief and the balance of the record that Ragland was indicted for a firearm specification. The record only contains portions of the trial court transcript. These portions reflect that the trial court accepted Ragland's plea for, among other things, drug trafficking under count one. At the time the court accepted Ragland's plea, no mention was made of the firearm specification. At the sentencing hearing, the trial court when addressing the drug trafficking charge, mentioned that Ragland had used a gun. The trial court then sentenced Ragland to 5 years to 15 years with three years actual on [count] 1.
Therefore, it appears Ragland's indictment included a firearm specification attached to the drug trafficking charge, that Ragland pled guilty to that charge, that the trial court sentenced Ragland to five-to-fifteen years including three years actual under that count. Accordingly, Ragland does not have a clear legal right to the relief which he seeks.
Further, Ragland had available to him a direct appeal regarding whether the trial court properly imposed the three-year sentence for the firearm specification. This adequate remedy at law precludes use of mandamus in this matter. Accordingly, we affirm the decision of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] R.C. 2731.01.
[2] State ex rel. Carter v. Wilkinson (1994), 70 Ohio St.3d 65637 N.E.2d 1, citing State ex rel. Westchester Estates, Inc. v. Bacon (1980), 61 Ohio St.2d 42, 399 N.E.2d 81, paragraph one of the syllabus.