ANDOVER TOWNSHIP BOARD OF TRUSTEES et al., Appellees,

v.

O'BRIEN, Ashtabula County Auditor, Appellant.

[Cite as *Andover Twp. Bd. of Trustees v. O'Brien,*
159 Ohio App.3d 231, 2004-Ohio-6343.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 2003–A–0106.

Decided Nov. 26, 2004.

232

Alfred E. Schrader, for appellees.

Thomas L. Sartini, Ashtabula County Prosecuting Attorney and Rebecca K. Bleckert, Assistant Prosecuting Attorney, for appellant.

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} Appellant, Sandra O'Brien, the Ashtabula County Auditor, appeals from the trial court's judgment issuing a writ of mandamus. We affirm.

{¶ 2} Appellees sought a writ of mandamus ordering appellant to assess recreational vehicles and other improvements such as decks, room enclosures, and roof-overs located on lots in the Holiday Camplands as real estate. Appellees maintained that these items had become fixtures and should be assessed as real property for tax purposes. Appellant maintained that the items were personal property and thus not assessable. The trial court issued the writ of mandamus, directing appellant to "identify each lot located in the Holiday Camplands upon which: a) buildings, structures, or improvements of whatever kind have been made, including decks, room enclosures, and roof-overs; and b) recreational vehicles have become attached or affixed either to the land or to a building, structure, or other improvement in any manner." The writ then required appellant to determine whether any of these items were fixtures; and if so, to assess those items of real property at their taxable valuable.

{¶ 3} Appellant timely appealed the trial court's judgment, assigning three errors for our review:

{¶ 4} "[1.] The trial court erred in granting appellees' writ of mandamus where appellees failed to prove the three requirements necessary for a writ of mandamus.

{¶ 5} "[2.] The trial court erred in determining the assessments of property for tax value by appellant were incorrect without a finding of appellant abusing her discretion.

{¶ 6} "[3.] The trial court erred in granting appellees' writ of mandamus where no statutory procedure has been established for turning recreational vehicles into real property."

{¶ 7} Mandamus is appropriate when (1) the relator has a clear legal right to the relief prayed for, (2) the respondent is under a clear legal duty to perform

the requested act, and (3) the relator has no plain and adequate remedy at law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 451 N.E.2d 225.

{¶ 8} Appellant first argues that she performed her duties as set forth in R.C. 5713.01(B) and, therefore, that it was improper for the trial court to grant the writ. We disagree.

{¶ 9} R.C. 5713.01(B) states that the auditor "shall assess all real estate situated in the county at its taxable value in accordance with sections 5713.03, 5713.31, and 5715.01 of the Revised Code." Thus, if property is real estate, it must be assessed. The auditor has no discretion in this respect. If the property at issue is, or has become, real estate, appellant must assess it in accordance with the law. As we discuss under appellant's second assignment of error, appellant did not properly apply the definition of "fixture" and thus failed to perform her duties as required by R.C. 5713.01(B).

{¶ 10} Appellant next argues that appellees have a plain and adequate remedy at law, i.e., filing a complaint with the county board of revision and, thus, that mandamus was improper. The trial court found that the board of revision lacked authority to decide what constitutes real property for purposes of assessment under R.C. 5713.01(B) and, thus, that appellees did not have a plain an adequate remedy at law. We agree with the trial court.

{¶ 11} The primary rule of statutory construction requires us to apply a statute as written when the meaning of the statute is unambiguous and definite. *Portage Cty. Bd. of Commrs. v. Akron,* 156 Ohio App.3d 657, 2004-Ohio-1665, 808 N.E.2d 444, ¶ 25, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463. We may not simply ignore words or add words to the statute. Id.

{¶ 12} R.C. 5715.11 provides:

{¶ 13} "The county board of revision shall hear complaints relating to the valuation or assessment of *real property* as the same appears upon the tax duplicate of the then current year. The board shall investigate all such complaints and may increase or decrease any such valuation or correct any assessment complained of, or it may order a reassessment by the original assessing officer." (Emphasis added.)

{¶ 14} R.C. 5701.02(A) defines "real property":

{¶ 15} " 'Real property,' 'realty,' and 'land' include land itself, whether laid out in town lots or otherwise, all growing crops, including deciduous and evergreen trees, plants, and shrubs, with all things contained therein, and, unless otherwise specified in this section or section 5701.03 of the Revised Code, all buildings,

structures, improvements, and fixtures of whatever kind on the land, and all rights and privileges belonging or appertaining thereto. 'Real property' does not include a manufactured home as defined in division (C)(4) of section 3781.06 of the Revised Code or a mobile home, travel trailer, or park trailer, each as defined in section 4501.01 of the Revised Code, that is not a manufactured or mobile home building as defined in division (B)(2) of this section."

{¶ 16} These statutes are unambiguous. The board of revision has the authority to hear complaints regarding the valuation or assessment of property already determined to be real property; it has no authority to determine what constitutes real property. The legislature made that determination in R.C. 5701.02(A). Appellant determined that the property at issue was not real property and thus not assessable. Therefore, the board of revision had no authority to hear this dispute and appellees lacked a plain and adequate remedy at law. Appellant's first assignment of error is without merit. Mandamus is an appropriate remedy in this case.

{¶ 17} Appellant argues in her second assignment of error that the trial court first had to find that she had abused her discretion before issuing the writ.

{¶ 18} R.C. 5713.03 requires the auditor to "determine as nearly as practicable, the true value of each separate tract, lot, or parcel of *real property* and of buildings, structures, and improvements located thereon." In fulfilling these requirements, the auditor must apply the definition of "real property" found in R.C. 5701.02(A). If appellant failed to apply this definition, she has in fact abused her discretion and failed to perform her duties as required by law.

{¶ 19} Appellant contends that the additions to the property were not fixtures because they were attached to recreational vehicles that are personal property, because the additions were not on permanent foundations, and because the park's rules and restrictive covenants prohibited permanent structures. We find these arguments unpersuasive.

{¶ 20} R.C. 5701.02(C) defines "fixture" as "an item of tangible personal property that has become permanently attached or affixed to the land or to a building, structure, or improvement, and that primarily benefits the realty and not the business, if any, conducted by the occupant on the premises." Permanence for purposes of fixture analysis is not simply the strength or durability of the attachment, it is the "intention of the party making the annexation, to make the article a permanent accession to the freehold." *Teaff v. Hewitt* (1853), 1 Ohio St. 511, 1853 WL 54, at paragraph two of the syllabus.

{¶ 21} In *Masheter v. Boehm* (1974), 37 Ohio St.2d 68, 66 O.O.2d 183, 307 N.E.2d 533, the Ohio Supreme Court held:

{¶ 22} "The determination of whether an item is a fixture, passing with the real property in an appropriation proceeding, must be made in light of the particular facts of each case, taking into account such facts as the nature of the property; the manner in which it is annexed to the realty; the purpose for which the annexation is made; the intention of the annexing party to make the property a part of the realty; the degree of difficulty and extent of any loss involved in removing the property from the realty; and the damage to the severed property which such removal would cause." Id. at paragraph two of the syllabus.

{¶ 23} The court also stated:

{¶ 24} "[A] chattel may be considered a fixture even though only slightly attached to the realty, * * * or though only constructively attached * * *.

{¶ 25} "Of more importance in determining whether personal property has become a fixture is the intention of the party responsible for emplacing the item, and the use or purpose to which it is put." Id. at 73–74, 66 O.O.2d 183, 307 N.E.2d 533.

{¶ 26} In the instant case, appellees presented evidence that some of the property owners have constructed extensive decks and room enclosures. Many of these structures are set on pole foundations with concrete bases 36 to 48 inches below the ground. Appellees also presented evidence that some property owners lived at the camp year-round—registering to vote from their camp address and sending their children to local schools.

{¶ 27} Appellees also presented evidence that some of the roof-overs prevented removal of the trailers without damaging the roof-overs. The trial court found, and we agree, that because the roof-overs are affixed to the land and the roof-overs prevent removal of the trailers, the trailers have become fixtures.

{¶ 28} Appellant argued that the structures were not permanent because the poles could be cut off when the recreational vehicles were moved and because the deed restrictions and rules prohibited permanent structures. This argument is flawed for at least two reasons—it fails to adequately consider the intent of the property owner, and it gives far too much credence to unenforced deed restrictions. The fact that the property owner could cut off the pole supports does not make the structure any less a fixture while it still stands. Any building or structure can be removed from the real estate to which it is affixed. The deed restrictions have no bearing on whether personal property has become a fixture. If enforced, the deed restrictions would preclude any item of personal property from becoming a fixture because the restrictions preclude the erections of permanent structures; however, because the restrictions are not enforced, appellant must apply the law of Ohio to determine whether the structures are fixtures. This she failed to do.

{¶ 29} While the determination of whether an item of personal property has become a fixture is in the first instance a question of fact for the auditor, the auditor must apply Ohio law in answering that question and must consider relevant factors, as set forth in Ohio law, in making that determination. Appellant did not do so in the instant case. Appellant's second assignment of error is without merit.

{¶ 30} In her third assignment of error, appellant contends that the trial court erred in granting the writ of mandamus because there is no statutory procedure for taxing recreational vehicles as real property. We disagree.

{¶ 31} R.C. 4501.01(Q) defines "recreation vehicle":

{¶ 32} " 'Recreational vehicle' means a vehicular portable structure that meets all of the following conditions:

{¶ 33} "(1) It is designed for the sole purpose of recreational travel.

{¶ 34} "(2) It is not used for the purpose of engaging in business for profit.

{¶ 35} "(3) It is not used for the purpose of engaging in intrastate commerce.

{¶ 36} "(4) It is not used for the purpose of commerce as defined in 49 C.F.R. 383.5, as amended.

{¶ 37} "(5) It is not regulated by the public utilities commission pursuant to Chapter 4919., 4921., or 4923. of the Revised Code.

{¶ 38} "(6) It is classed as one of the following:

{¶ 39} "(a) 'Travel trailer' means a nonself-propelled recreational vehicle that does not exceed an overall length of thirty-five feet, exclusive of bumper and tongue or coupling, and contains less than three hundred twenty square feet of space when erected on site. 'Travel trailer' includes a tent-type fold-out camping trailer as defined in section 4517.01 of the Revised Code.

{¶ 40} "(b) 'Motor home' means a self-propelled recreational vehicle that has no fifth wheel and is constructed with permanently installed facilities for cold storage, cooking and consuming of food, and for sleeping.

{¶ 41} "(c) 'Truck camper' means a nonself-propelled recreational vehicle that does not have wheels for road use and is designed to be placed upon and attached to a motor vehicle. 'Truck camper' does not include truck covers that consist of walls and a roof, but do not have floors and facilities enabling them to be used as a dwelling.

{¶ 42} "(d) 'Fifth wheel trailer' means a vehicle that is of such size and weight as to be movable without a special highway permit, that has a gross trailer area of four hundred square feet or less, that is constructed with a raised forward

section that allows a bi-level floor plan, and that is designed to be towed by a vehicle equipped with a fifth-wheel hitch ordinarily installed in the bed of a truck.

{¶ 43} "(e) 'Park trailer' means a vehicle that is commonly known as a park model recreational vehicle, meets the American national standard institute standard A119.5 (1988) for park trailers, is built on a single chassis, has a gross trailer area of four hundred square feet or less when set up, is designed for seasonal or temporary living quarters, and may be connected to utilities necessary for the operation of installed features and appliances."

{¶ 44} Travel trailers and park trailers are specifically excluded from the definition of "real property" set forth in R.C. 5701.02(A). Thus, while these vehicles remain travel trailers and park trailers they are personal property and the auditor properly excludes them from assessment. However, if a travel trailer or park trailer becomes a fixture, it must be assessed as real property. Here, the writ of mandamus did not direct the auditor to assess "travel trailers" and "park trailers"; such an order would be clearly improper. The trial court ordered appellant to assess "fixtures." It just so happens that at one time these fixtures were travel trailers and park trailers. Thus, because the Revised Code does provide a means to assess real property, appellant's third assignment of error is without merit.

{¶ 45} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Judgment affirmed.

DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.