OPINION
{¶ 1} Plaintiffs-appellants, Marvin D. and Melissa P. Jackson, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, State Automobile Mutual Insurance Company ("State Auto"). For the following reasons, we affirm.
 {¶ 2} On July 7, 2000, Marvin D. Jackson ("Jackson") was driving his Kawasaki motorcycle eastbound on State Route 750 in Orange Township, Ohio. Another driver, Donald Hines, negligently struck Jackson's motorcycle as Hines attempted to complete a U-turn. Jackson was thrown from his motorcycle and suffered extensive injury.
 {¶ 3} At the time of the collision, Hines maintained automobile liability coverage with a limit of $100,000 per accident. Appellants settled their personal injuries claims against Hines for the policy limit, but the $100,000 settlement did not fully compensate appellants for their damages.
 {¶ 4} Because their damages exceeded the $100,000 settlement, appellants filed suit on July 1, 2002 seeking underinsured motorist benefits from State Auto, who had issued appellants an automobile liability insurance policy. Appellants' State Auto policy named both appellants as named insureds and provided $500,000 in uninsured/underinsured motorist coverage per accident. However, the policy only listed a 1998 Dodge Grand Caravan and 1992 a Honda Civic DX as covered vehicles. Further, the policy provided in Section A1 of the uninsured/underinsured motorist endorsement that State Auto would not provide underinsured motorist coverage for bodily injury sustained "[b]y an `insured' while `occupying,' or when struck by, any motor vehicle owned by that `insured' which is not insured for this coverage under this policy" (the "otherowned-vehicle exclusion").
 {¶ 5} Based upon Section A1, State Auto filed a summary judgment motion, arguing that appellants were not entitled to underinsured motorist coverage because Jackson was injured while driving a motor vehicle that was not covered under the policy. Jackson filed a competing summary judgment motion, arguing that Section A1 was invalid because it was contrary to the intent of the General Assembly that underinsured motorist coverage protects people, not vehicles.
 {¶ 6} On December 24, 2003, the trial court issued a decision and judgment entry granting State Auto's motion for summary judgment and denying appellants' motion for summary judgment. First, the trial court determined that the version of R.C. 3937.18 enacted by S.B. No. 57 controlled the terms of the State Auto policy. Then, the trial court held that former R.C. 3937.18(J)(1) permitted State Auto to preclude coverage when an insured was injured while occupying a motor vehicle owned by the insured, but not specifically identified in the policy. Because the State Auto policy did not identify Jackson's motorcycle, the trial court concluded that appellants were not entitled to underinsured motorist benefits pursuant to Section A1.
 {¶ 7} On appeal from the trial court's December 24, 2003 judgment, appellants assign the following error:
The trial court erred in granting Appellee State Automobile Insurance Company's ("Appellee" or "Defendant") motion for summary judgment and denying coverage to Appellants Marvin D. Jackson ("Mr. Jackson") and Melissa P. Jackson ("Mrs. Jackson") (collectively, "Appellants" or "Plaintiffs") under the policy issued by State Automobile Insurance Company policy ("State Auto policy") for their injuries sustained as a result of the July 7, 2000 automobile collision.
 {¶ 8} Appellate review of summary judgment motions is de novo. Heltonv. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 9} Before addressing appellants' assignment of error, we must determine which version of R.C. 3937.18 defines the scope of the uninsured/underinsured motorist coverage included in the State Auto policy. As we stated above, the trial court concluded that R.C. 3937.18, as amended by S.B. No. 57, is the relevant version of the statute. We disagree.
 {¶ 10} Pursuant to Ross v. Farmers Ins. Group of Cos.
(1998), 82 Ohio St.3d 281, 289, the statutory law in effect at the time the parties enter into a new contract for automobile liability insurance controls the rights and duties of the contracting parties. New automobile liability policies commence every two years, and during the guaranteed two-year policy period, the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39. Wolfe v.Wolfe (2000), 88 Ohio St.3d 246, 250 (interpreting R.C. 3937.12[A]). A court determines the effective date of each new automobile liability policy by ascertaining the original issuance date of the policy and counting successive two-year policy periods from that date. Id.
 {¶ 11} In the case at bar, State Auto originally issued the instant policy on August 24, 1990. Counting successive two-year periods from that date, the last two-year guaranteed policy period before the July 7, 2000 collision commenced on August 24, 1998. The last amendment to R.C. 3937.18
before August 24, 1998 was Am.Sub.H.B. No. 261, 147 Ohio Laws, Part II, 2372, 2376, effective September 3, 1997. Accordingly, that version of R.C. 3937.18, not the version enacted by S.B No. 57, governs the instant policy.
 {¶ 12}
Now that we have determined the applicable version of R.C. 3937.18, we can address appellants' argument that the other-owned-vehicle exclusion in the State Auto policy is void. Appellants concede that former R.C.3937.18(J)(1) allowed insurers to preclude underinsured motorist coverage for bodily injury or death suffered "[w]hile the insured [was] operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle [was] not specifically identified in the policy under which the claim [was] made * * *." Thus, former R.C.3937.18(J)(1) permitted insurers to include other-owned-vehicle exclusions, such as the one contained in Section A1 of the State Auto policy, in their policies. Appellants, however, maintain that former R.C.3937.18(J)(1) is ambiguous because it conflicts with former R.C.3937.18(K)(2) and is unenforceable because it contravenes the legislative intent that uninsured/underinsured motorist coverage is meant to cover persons, not vehicles. We disagree.
 {¶ 13} In Kyle v. Buckeye Union Ins. Co., 103 Ohio St.3d 170,2004-Ohio-4885, at ¶ 21, a plurality of the Supreme Court of Ohio recently held that former R.C. 3937.18(J)(1) and R.C. 3937.18(K)(2) are not conflicting but, rather, complementary. To reach this holding, the court examined the language of both subsections. The court concluded that former subsection (J)(1) "permitted the exclusion of UM/UIM coverage when the injured insured was occupying a vehicle owned by an insured but not covered under the liability portion of the policy * * *." Id. at ¶ 9 (emphasis in original). On the other hand, former subsection (K)(2) "stated that when the tortfeasor who caused the injured insured's loss operated a vehicle owned by an insured, the tortfeasor would not be considered to be uninsured or underinsured[.]" Id. at ¶ 13 (emphasis in original).[1] Because the two subsections addressed different topics, the court held that they did not conflict.
 {¶ 14} The court also provided examples of how these subsections operated in tandem. The facts of one of these examples is identical to the facts of this case, i.e., the injured insured's motor vehicle was not identified in the policy and another driver was the tortfeasor. After considering that situation, the court concluded that former subsection (J)(1) permitted the exclusion of coverage for the insured's injuries because the insured's motor vehicle was not identified in the policy. Former subsection (K)(2), however, would not require exclusion of coverage because a third party driving his own motor vehicle was responsible for the collision. Id. at ¶ 19.
 {¶ 15} Given the Supreme Court of Ohio's decision in Kyle, we reject appellants' argument that former subsections (J)(1) and (K)(2) are ambiguous when construed together. Our rejection of appellants' argument is supported by the Supreme Court of Ohio's reversal of the two cases appellants relied upon in making their argument. See Morris v. United OhioIns. Co., 103 Ohio St.3d 462, 2004-Ohio-5706; Ratkosky v. ScottsdaleSurplus Lines Ins. Co., 103 Ohio St.3d 462, 2004-Ohio-5705.
 {¶ 16} Further, because former R.C. 3937.18(J)(1) is unambiguous, we do not need to interpret it in light of the overriding purpose of R.C.3937.18 to protect persons from uninsured/underinsured drivers. State exrel. Savarese v. Buckeye Local School Dist. Bd. of Edn. (1996),74 Ohio St.3d 543, 545 ("If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary."). Accordingly, applying former R.C. 3937.18(J)(1) as written, we conclude that State Auto could include Section A1 in its policy and, based upon Section A1, deny underinsured motorist coverage to appellants.
 {¶ 17} For the foregoing reasons, we overrule appellants' sole assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree and Sadler, JJ., concur.
[1] Former R.C. 3937.18(K)(2) read, "[a]s used in this section, `uninsured motor vehicle' and `underinsured motor vehicle' do not include any of the following motor vehicles: * * * (2) [a] motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured[.]"