[Cite as *Sri Saibaba Temple Soc. of Ohio v. Tax Ease Ohio II, L.L.C.*, 2021-Ohio-3294.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SRI SAIBABA TEMPLE SOCIETY OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 20 CA E 12 0055 |
| TAX EASE OHIO II, LLC | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No. 19 CV E 04 0211

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     September 20, 2021

APPEARANCES:

For Plaintiff-Appellant

SANJAY K. BHATT
2935 Kenny Road
Suite 225
Columbus, Ohio 43221

For Treasurer

VINCE J. VILLIO
145 North Union Street, 3rd Floor
P. O.Box 8006
Delaware, Ohio 43015

For Defendant-Appellee

DAVID T. BRADY
SUZANNE M. GODENSWAGER
AUSTIN B. BARNES III
MARK M. SCHONHUT
JEFFREY A. PANEHAL
SANDHU LAW GROUP, LLC
1213 Prospect Avenue
Suite 300
Cleveland, Ohio 44115

*Wise, J.*

{¶1}    Appellant Sri Saibaba Temple Society of Ohio, appeals from the November 19, 2020, Judgment Entry by the Delaware County Court of Common Pleas. Appellee is Tax Ease Ohio II, LLC. The relevant facts leading to this appeal are as follows.

### FACTS AND PROCEDURAL HISTORY

{¶2}    On November 6, 2014, Appellant was deeded property located at 2530 Lewis Center, Lewis Center, Ohio 43035 ("disputed property").

{¶3}    On December 31, 2015, Appellant applied for an exemption from real property tax for religious purposes.

{¶4}    On September 9, 2016, the Tax Commissioner denied Appellant's exemption.

{¶5}    On October 24, 2016, Appellant appealed the Tax Commissioner's decision to the Ohio Board of Tax Appeals.

{¶6}    On April of 2017 through December of 2018, the Delaware County Treasurer sold tax certificates on disputed property to Appellee.

{¶7}    On January 10, 2018, the Ohio Board of Tax Appeals ruled that the property was to be split between tax exempt and taxable. The barn is to be tax exempt, with the rest of the property taxable.

{¶8}    On April 16, 2019, Appellee filed a Complaint in the Delaware County Court of Common Pleas seeking the tax certificates be declared a valid statutory lien, for the property to be foreclosed, sold at auction, and the proceeds of sale be paid first to Appellee.

{¶9}    On December 2, 2019, Appellee filed a Motion for Summary Judgment.

{¶10} On January 29, 2020, the trial court denied Appellee's Motion for Summary Judgment.

{¶11} On August 21, 2020, Appellee filed a Renewed Motion for Summary Judgment.

{¶12} On October 26, 2020, the trial court granted Appellee's Renewed Motion for Summary Judgment.

{¶13} In its Judgment entry dated November 19, 2020, the trial court ordered the foreclosure and sale of disputed property with the proceeds being paid first to cover the any costs arising from the current case, then to the Plaintiff, and any excess to be held pending further order.

## ASSIGNMENT OF ERROR

{¶14} In Appellant's December 18, 2020, appeal, Appellant raises the following Assignment of Error:

{¶15} "I. THE TRIAL COURT ERRED IN RULING THAT THE SUBJECT REAL PROPERTY COULD BE INCLUDED IN THE LIST OF DELINQUENT LANDS FOR A TAX LIEN CERTIFICATES [SIC] DURING THE PENDENCY OF AN APPEAL WITH THE OHIO BOARD OF TAX APPEALS."

## I.

{¶16} In Appellant's sole Assignment of Error, Appellant argues the trial court erred by ruling the disputed property could be included on the list of delinquent lands for tax lien certificates while an appeal with the Ohio Board of Tax Appeals is pending. We disagree.

**{¶17}** With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.,* 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977).

**{¶18}** The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ,* 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶19}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met this initial burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

**{¶20}** R.C. 5721.011 states, "[l]ands on which the only unpaid taxes are amounts claimed in good faith not to be due in complaints pending under section 5715.19 of the Revised Code and lands that are the subject of an application for exemption from taxation under section 5715.27 of the Revised Code shall not be included on the list."

**{¶21}** R.C. 5715.27 in pertinent part states, "the owner * * * may file an application with the tax commissioner, on forms prescribed by the commissioner, requesting that such property be exempted from taxation[.]"

**{¶22}** R.C. 5717.02 grants the Board of Tax Appeals ("BTA") jurisdiction over claims arising out of R.C. 5715.27. R.C. 5717.02(A) in pertinent part states, "Appeals from a decision of the tax commissioner or county auditor concerning an application for property tax exemption may be taken to the board of tax appeals by the applicant or by a school district that filed a statement concerning that application under division (C) of section 5715.27 of the Revised Code."

**{¶23}** When a statute is plain and unambiguous, the Court applies the statute as written. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶52, citing *State ex. rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 1996-Ohio-291, 600 N.E.2d 463.

**{¶24}** A plain reading of R.C. 5721.011 reveals, in pertinent part, that the county auditor must include all delinquent lands in the county unless the lands are the subject of a pending application filed under R.C. 5715.27. The Tax Commissioner entered a final judgment on Appellant's exemption application on September 9, 2016. The county did not sell tax certificates on the disputed property until April of 2017. Therefore, the county

auditor was not authorized to leave the disputed property off of the listing as no application from taxation was pending under R.C. 5715.27.

**{¶25}** Appellant argues that their appeal of the Tax Commissioner's decision to the Board of Tax Appeals under R.C. 5717.02 should prohibit the county auditor from listing the disputed property as delinquent. However, if the legislature intended to prohibit the county auditor from listing properties subject to a decision from the Board of Tax Appeals under 5717.02, it would have expressly written R.C. 5721.011 that way. We find the trial court did not err in granting summary judgment.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/br 0915